HENRY L. MOSS *vs.* CITY OF ST. PAUL.

April 10, 1875.

Agent of Insurance Co. not compellable to take out City License.—*Prince* v. *City of St. Paul*, 19 Minn. 267, followed. Section 3, sub-chap. 4, of the revised charter of the city of St. Paul (ch. 1, Sp. Laws 1874,) does not authorize the common council to require an agent of an insurance company to pay for a license to transact insurance business in said city.

*Certiorari* to the city justice of the city of St. Paul, by

whom a judgment for twenty dollars and costs had been rendered against defendant, in a suit brought by the city to recover that amount, as a penalty for doing business as an insurance agent in the city, without a license from the city.

*Gilfillan & Williams* and *H. J. Horn*, for plaintiff in error.

*W. A. Gorman*, for defendant in error.

BERRY, J.[1]   The revised charter of the city of St. Paul, (ch. 26, Sp. Laws 1868,) provided in § 3, sub-chap. 4, "that the common council of said city shall have authority, by ordinance, * * * to license and regulate * * * insurance officers and insurance agencies," * * * (among numerous other things,) "provided * * * that not less than five dollars, nor more than five hundred dollars, shall be required to be paid for any license." Section 28, title 3, ch. 1, Laws 1872, enacted that "all insurance companies doing business in this state, under the provisions of this act," shall pay two per cent. on all premiums received, etc., "which sum shall be paid into the general revenue fund, and shall be in lieu of all taxes or licenses to be collected from said companies in this state." Without enquiring whether the charter provision quoted was constitutional or not, we held, in *Prince* v. *City of St. Paul*, 19 Minn. 267, that the language, (in the act of 1872,) "all other taxes or licenses to be collected from said companies in this state," clearly embraced any license charge imposed under the defendant's charter ; the result being that the common council was deprived of all authority to require an agent of an insurance company to pay for a license to transact insurance business in St. Paul.

Since the decision in the Prince case, the charter provision above quoted has been amended by adding thereto the following proviso, viz: "Provided that no general law of this state shall be construed as to prevent the licensing or regulation of insurance officers and insurance agencies by said common council." Ch. 1, Sp. Laws 1874, sub-chap. 4, § 3.   It is contended by defendant that as respects the

[1] Gilfillan, C. J., having been of counsel, did not sit in this case.

city of St. Paul, this proviso does away with the effect of the above quoted provision of the act of 1872, as the same was construed in the Prince case; or, in other words, that the proviso operates to except the city of St. Paul from the general rule of the act of 1872. This is neither more nor less than to contend that, so far as the city of St. Paul is concerned, the proviso repeals the provision of the act of 1872. As, upon the language of the proviso, there is no room to contend that the supposed repeal is express, it must be a repeal (if at all) by implication. Repeals by implication are not favored, and are construed strictly, that is to say, a statutory enactment will not be interpreted as an implied repeal of a previously existing rule of law, unless it is clearly inconsistent with and repugnant to the same. Sedgwick on Stat. and Const. Law, 2 Ed. 105–6; Potter's Dwarris, 113, and note. Applying this rule of construction to the case at bar, we are of opinion that the proviso, and the provision of the act of 1872, are not clearly inconsistent or repugnant, for the reason that, as the authority to license and regulate given by the former does not necessarily include authority to impose a charge for license, there is no necessary conflict between the two enactments, but they may stand and operate together. If it may be conjectured that the framers of the proviso had in mind to confer any more extensive authority upon the common council than a simple authority to license and regulate, we can only say that, according to established principles of legal construction, their intention is not expressed. It follows from what we have said above, that the provision of the act of 1872 was not repealed by the proviso, but remained in full force as to the city of St. Paul, as well as elsewhere, and, therefore, that the common council had no authority to exact the license charge, for his failure to pay which the plaintiff was prosecuted below.

Judgment reversed.