SUSANNA BURKLEO *vs.* COUNTY OF WASHINGTON and others.

May 25, 1888.

**Highways — Petition Presented at Adjourned Session of County Board.**—A petition for a county road may be presented for hearing at an "adjourned" or "extra" session of the board of county commissioners, provided 30 days' previous notice has been given, in the manner provided by statute, of the time when such petition will be heard.

Appeal by plaintiff from an order of the district court for Washington county, *McCluer*, J., presiding, refusing a new trial.

*C. P. Gregory*, for appellant.

*Ira W. Castle*, for respondent.

MITCHELL, J. Action to enjoin defendants from opening a highway across plaintiff's land. The contention of the plaintiff is that the proceedings of the county commissioners in attempting to lay out the highway in question were void, because they never acquired jurisdiction. The only question in the case going to the jurisdiction of the board arises out of the following state of facts: The board met in regular session on the fourth Monday in July, the date fixed by statute. Gen. St. 1878, *c.* 13, § 102. They continued in session three days, and adjourned until September 14th, at which last date the petition for the road in question was presented to them, with proof that 30 days' notice thereof had been given before that date by posting. Thereupon the board appointed a committee of three of their number to examine the location of the proposed highway, and appointed the house of Samuel Burkleo and the 22d of September as the time and place of the meeting of such committee. After being in session two days at this time, the board again adjourned until October 12th, at which time the committee made their report, and the board made the order establishing the road.

The statute provides that when a petition is made for the establishment, change, or vacation of a road, the county auditor shall lay it before the board "at their next session thereafter." When the board are satisfied that at least 30 days' notice thereof has been given "before the session of the board at which such petition is to

be heard," by posting notice, etc., they shall appoint from their number a committee to examine such proposed location, and, if necessary, designate a time when and a place where such committee will meet. After the committee have completed their examinations they are to make a report, a copy of which shall be returned to the board "at their next session thereafter." "At the next *meeting* of the board" they shall proceed to determine the prayer of the petition. Gen. St. 1878, *c.* 13, §§ 49–53. The contention of plaintiff is that the law requires that three separate sessions of the board shall occur from the time of the presentation of the petition before the order establishing, changing, or vacating the road is made; that these must be the regular January and July sessions, fixed by statute, and that the petition must be presented to the board at a session commencing after the petition is in the hands of the auditor, and not at a session already in progress; that the meetings in September and October being only adjournments of the July session, all three constituted in law only one and the same session.

If this contention be correct, the matter of laying out or altering a county road would be a very tedious affair, as at least a year would have to intervene between the presentation of the petition and making the final order, which, with the 30 days' previous notice of hearing, would amount to 13 months. It will be observed that the statute seems to use the words "session" and "meeting" interchangeably. Neither does it say "regular" sessions, as distinguished from "extra" ones, which the county board are authorized to hold as often as they deem necessary. It seems to us that the only case where time is jurisdictional in these proceedings is as to the 30-days' previous notice of the time at which the petition is to be heard. All other provisions as to time apparently have for their main object to insure proper dispatch in the disposition of the matter by the board. Hence, so far as concerns the question of jurisdiction, we need only inquire whether the 30-days'notice should have been given before the commencement of the regular session of the board in July, or whether it was sufficient that it was given before the time in September when the petition was presented for hearing to the board at their adjourned meeting. According to parliamentary law it is undoubtedly true that, strictly

speaking, an original meeting and an adjourned meeting constitute the same meeting. But we think it evident that in this statute the terms "session" and "meeting" are not used in any strictly technical sense, but have reference merely to a time when the board is lawfully convened and in session for the transaction of business. The important and essential thing, and the only one going to the jurisdiction of the board, is that 30 days' previous notice of the time when the petition is to be heard has been given in the manner required by law. Such notice is as effectual, and subserves its intended purpose as fully, if it fixes the time of hearing the petition at an "adjourned" or "extra" session, as if it fixed it at the commencement of a regular session. Competent proof having been presented —such as satisfied the board—that 30 days' previous notice had been given, the county commissioners had jurisdiction to act upon the petition at their adjourned meeting in September.

Some other points are made, but these at most only go to the regularity of the proceedings, and not to the question of jurisdiction; and, whatever might be their weight upon appeal, they would furnish no ground for an injunction, and hence need not be considered here.

Order affirmed.

NOTE. A motion for reargument of this case was denied June 15, 1888.