## CHARLES F. KIECKENAPP v. SUPERVISORS OF THE TOWN OF WHEELING.[1]

June 2, 1896.

Nos. 9931—(136).

**Highways—Proceedings to Lay Out—Interest of Supervisor.**

The three members of the town board of supervisors acted in laying out a highway. One of them was interested, as he owned one of the parcels of land over which the highway was laid out; but the other two, constituting a majority of the board, were not interested. *Held*, the proceedings were voidable, but not absolutely void.

**Same—Appearance—Waiver of Notice.**

The appellant owned and occupied one of the parcels of land over which the highway was laid out, but was not named in the petition or served with written notice of the time and place of the meeting of the board. However, he appeared, took part in the proceedings, and was awarded damages. *Held*, he waived the defects in the proceedings.

Appeal by Charles F. Kieckenapp from a judgment of the district court for Rice county in favor of defendants, after an order, Buckham, J., denying a motion for a new trial. Affirmed.

[1] Reported in 67 N. W. 662.

*Geo. N. Baxter*, for appellant.
*Thomas H. Quinn*, for respondents.

CANTY, J.   Kieckenapp was the occupant and owner of land through which the town supervisors laid out a highway.   He appealed to the district court from the order laying out the same, on the following grounds, and for the following purpose, as stated in the notice of appeal: "That said order, determination, and award are and each of them is void; that said highway is unnecessary; that the damages occasioned thereby to appellant are two hundred dollars; that the amount of damages awarded appellant was but twenty-five dollars. And you are hereby notified that said appeal is brought both in relation to said damages and to reverse entirely the said order, determination, and award, and each and every of them."   On a trial before the court and a jury the order appealed from was, by the verdict of the jury, in all respects affirmed, and from an order denying a new trial he appeals to this court.

1. When the petition for laying out the highway was presented, and when the highway was laid out and the damages assessed by the three supervisors, Deike, who was one of them, owned another parcel of land over which the highway was laid out, and he was awarded damages for the land taken from him.   It is contended by appellant that Deike could not be judge in his own cause; that, therefore, the proceedings were absolutely void, and that for this reason the order appealed from should be reversed.   A majority of the board of supervisors were disinterested.   Under these circumstances we are of the opinion that the order made by them was only voidable, not absolutely void.   See State, Winans, Pros., v. Crane, 36 N. J. Law, 394, and Foot v. Stiles, 57 N. Y. 399, which go further.   On appeal the objector had a trial de novo of the whole proceeding before an impartial tribunal, and cannot now complain of the vice in the first trial.

2. Appellant was not named in the petition for the laying out of the road, and was not served with written notice of the meeting of the supervisors to consider the petition.   But "he was verbally notified of the time and place of said meeting, and attended the same." The failure to name him in the petition, and to notify him of the time and place of hearing, was jurisdictional, and if it had not been

waiyed by him the proceedings would have been void.     Town of Lyle v. Chicago, M. & St. P. R. Co., 55 Minn. 223, 56 N. W. 820.     But it sufficiently appears that he appeared, took part in the proceedings, and was awarded as damages the sum of $25.     We are of the opinion that by so appearing and taking part he waived the omission in the petition and the failure to give him written notice.

This disposes of the case, and the order appealed from is affirmed.