LOUIS PAIRIER v. BOARD OF COUNTY COMMISSIONERS OF ITASCA
COUNTY.[1]

May 21, 1897.

Nos. 10,458—(109).

### Highway—Damages—Public Land—Homestead Entry.

A person who has made an entry of government land under the provisions of the United States homestead act, at the proper land office, has received a receiver's receipt for the fees required upon such entry, and resides upon the land conveyed by such entry, when county commissioners lay out and establish a public road across the same, as authorized by G. S. 1894, § 1838, must be treated and considered as the owner of the land for all purposes connected with the laying out and establishment of such road. He is therefore entitled to have the damages he has sustained assessed and awarded by the commissioners.

### Same—Appeal from Commissioners—Procedure.

On an appeal, under the provisions of Laws 1895, c. 54, from the decision and determination of the commissioners laying out and establishing a public road, the appellant has the right, if his notice of appeal be sufficient, to contest the regularity of the proceedings on which the decision and determination of the commissioners is founded, as well as the validity of the decision and determination itself; and, if unsuccessful, he may have a reassessment of the damages he has sustained by reason of the laying out and establishment of the road.

The board of county commissioners for Itasca county denied an application of Louis Pairier for damages by reason of the location of a highway upon his land. He appealed to the district court of that county. When appellant rested at the trial, his appeal was dismissed for the reason that he had failed to prove any right to damages. From an order of the district court, Holland, J., denying a new trial Pairier appealed. Reversed.

*Frank F. Price*, for appellant.
*Chester L. Pratt*, for respondent.

COLLINS, J. The trial court erred when it dismissed this case at the conclusion of appellant's evidence. It is conceded that this dismissal was based upon the fact, as appeared from the proofs, that appellant's only right or interest in the land over which the public

[1] Reported in 71 N. W. 382.

road in question had been laid out and established by the county commissioners was that of one who had made a homestead entry upon government land, had paid the requisite fees, obtained the receiver's receipt, and for more than two years thereafter had resided upon and cultivated the land under the homestead act and the rules prescribed by the land department. It also stands admitted that appellant had fulfilled all of the requirements of the law, and, as a homestead settler, was residing upon the land, when the commissioners laid out the road.

By means of an act entitled "An act relating to roads, cartways and bridges," Laws, 1873, c. 5, the legislature systemized the various enactments upon the subject which had theretofore existed, and since then very few changes have been made. Section 39 provides for the assessment and award of damages to landowners sustained by reason of the laying out, alteration, or discontinuance of these roads. And the final paragraph expressly provides that, "for all the purposes of this act," any person living on United States land who has made his declaratory statement for the same in the proper land office shall be considered the owner of such land. Section 39 is now G. S. 1894, § 1821. By section 49 of chapter 5, supra, the act of 1873, county commissioners were authorized to lay out and establish county roads, the procedure being regulated by sections 50, 51, 52, 53, and 54. Section 49 is now in G. S. 1894, § 1838, while the other sections of the original enactment follow in regular order. In section 53, section 1842, is a proviso that all damages sustained by laying out or altering any county road shall be assessed by the county commissioners and paid by the county.

In section 57 of the original act, G. S. 1894, § 1855, was a prohibition as to the assessment of damages, "under the provisions of this chapter," to any person where the title to the land over which the road passed was vested in the state or the United States at the time of the location of the road, "excepting as otherwise provided in this chapter." This last section has application to all roads referred to in the original act, whether town, county, or state, and is not inconsistent in any way with the last paragraph in section 39, from which we have heretofore quoted. These sections are to be construed as parts of one act, and these provisions are easily reconciled and har-

monized. All persons who have entered lands at the proper land office, and who are living upon the same, are expressly provided for in section 39, section 1821, and, for the purposes of the entire act or chapter, are to be considered as owners of the land so resided upon; and all such come within the exception found in the prohibitory provisions of section 57, section 1855.

The appellant, as a homestead settler, having made entry and being a resident on the land, was its owner for all purposes under the 1873 act. He was entitled to have the question of his damages by reason of the laying out of the road over his land considered by the jury. In fact, should we adopt the construction claimed by respondent for the section last mentioned, the county commissioners would, upon the face of the statute, be authorized to take private property for public use without any compensation whatsoever; for in Red River v. Sture, 32 Minn. 95, 20 N. W. 229, it was held that an entry under the homestead act is in fact a contract of purchase, and that the settler has an inchoate title to the land, which is property. He has a property right, which cannot be taken from him without just compensation.

The trial court also erred when it compelled appellant's counsel to elect to proceed upon the question of damages alone, and to waive all objections which might have been raised to the regularity of the proceedings of the commissioners, and the validity of their decision and determination. The appeal was taken under the provisions of Laws 1895, c. 54; and the notice stated, as grounds therefor, that the decision and determination were without jurisdiction, contrary to law, irregular, and void, and that the appeal was taken for the purpose of reversing the action of the commissioners, and also, in the event of the location of the highway, to compel the payment of a stated sum as damages. There is no provision in chapter 54 which prohibits an appellant from questioning the validity of the proceedings, and also the sufficiency of the award of damages, while it is expressly provided that, on the trial in district court, the court or jury, as the case may be, shall reassess the damages, unless a determination of the matters tried in said court shall render such reassessment unnecessary. This clearly indicates that it was intended to

confer upon an appellant the right to contest the regularity of the proceedings on which the decision and determination of the commissioners is founded, as well as the validity of such decision and determination, and, if unsuccessful, he might then have his damages reassessed. No good reason exists why this should not be done on an appeal. A new trial must be had.

Order reversed.