JOHN R. ANDERSON v. TOWN OF DECORIA.

November 29, 1898.

Nos. 11,408—(84).

**Highway—Appearance at Hearing—Waiver of Defect in Notice.**

On the evidence in this case, it is *held* that the appellant, owner of a farm over which town supervisors had by order laid out and established a public highway, had waived the omission to serve notice of such hearing upon him, if there was such an omission, by appearing and participating in the proceedings at the hearing of the petition for the highway by the supervisors.

**Same—Damages—Verdict not Inadequate.**

*Held*, further, that the verdict as to the amount of damages sustained by said appellant by reason of the order cannot be held inadequate and insufficient on the evidence.

From an order of the district court for Blue Earth county, Severance, J., denying a new trial, after a verdict that plaintiff was entitled to $150 damages by reason of the laying out of a highway across his land, plaintiff appealed. Affirmed.

*Pfau & Pfau* and *Lorin Cray*, for appellant.

The statutory notice for the hearing of a road petition is jurisdictional. Town of Lyle v. Chicago, M. & St. P. Ry. Co., 55 Minn. 223; G. S. 1894, §§ 1808, 1809. Unless there is an express consent to the laying out of the road or to the acceptance of the damages awarded, an occupant of land cannot be held to have waived his right to notice by appearing at the hearing. State v. Langer, 29 Wis. 68; Roehrborn v. Schmidt, 16 Wis. 546. The substitution of the word "house"

for "usual place of abode" is a fatal defect in the proof of service. Matthews v. Gordy, 2 Houst. (Del.) 573; Fatheree v. Long, 5 How. (Miss.) 661; 22 Am. & Eng. Enc. 187, 188.

*Thomas Hughes* and *C. L. Benedict*, for respondent.

Appellant, by appearing and taking part in the proceedings at the hearing of the road petition, waived any irregularity in the notice to him of said hearing. See St. Louis Car Co. v. Stillwater St. Ry. Co., 53 Minn. 129; State v. District Court of Ramsey Co., 51 Minn. 401; Kieckenapp v. Supervisors, 64 Minn. 547; Robinson v. Winch, 66 Vt. 110; Stephens v. Board, 36 Kan. 664; Board v. Heed, 33 Kan. 34; Condon v. County, 89 Me. 409; Brock v. Town, 57 Vt. 172; Inhabitants v. Wiggin, 157 Mass. 94; Mohawk v. Artcher, 6 Paige, Ch. 83; Rheiner v. Union Depot Co., 31 Minn. 289; Whitely 76 Wis. 332. Where there is sufficient evidence to support the v. Mississippi W. P. & Boom Co., 38 Minn. 523; Dikeman v. Mrotek, verdict of a jury on a question of fact, it will not be disturbed. Schmidt v. Baumann, 36 Minn. 189.

COLLINS, J.

Anderson appealed to the district court from an order made by the supervisors of defendant town laying out a highway across his farm, and assessing his damages at $150, for the purpose of wholly reversing the action of the board, on the ground of illegality in the proceedings, and also to secure an increase in the amount of damages, in case the location of the highway was confirmed. This he had the right to do. Pairier v. Board of Co. Commrs., 68 Minn. 297, 71 N. W. 382. The appeal was duly tried in district court, and the order appealed from was affirmed in all respects. The present appeal is from an order refusing a new trial.

1. It is urged by Anderson's counsel that the order made by the supervisors was illegal, and not within their jurisdiction, because notice was not given to him of the meeting of the supervisors for hearing the road petition. The proof of service of a copy of the notice upon Anderson, attached to the original, was insufficient, although the copy seems to have been in his possession at the trial. But he resided on the farm, and it was shown that he was personally present at the hearing; twice walked over the line of the pro-

posed road with the supervisors; was questioned by the chairman as to the amount of damages he would sustain, if the petition was granted; did state the amount claimed, which led to some discussion over the subject between the supervisors and himself; that he otherwise took part in the proceedings, and was awarded $150 damages. He therefore waived the omission to serve written notice upon him, if in fact there was such an omission. Kieckenapp v. Supervisors, 64 Minn. 547, 67 N. W. 662.

2. It is claimed that the damages awarded to Anderson by the verdict of the jury were inadequate, and that the award is not sustainable under the proofs. While there was evidence which would have justified the allowance of a much larger sum than $150, we cannot say, after a careful examination of the record, that a verdict in that amount was not supported by the proofs, for the contrary is true; and for that reason the verdict as to damages cannot be disturbed.

3. Although other points have been made in the assignments of error, counsel for Anderson have been content to rest their arguments, verbally and in the brief, on those hereinbefore discussed. So that, having disposed of these, we need not further discuss the case.

Order affirmed.