JOHN HURST v. TOWN OF MARTINSBURG and Another.[1]

May 29, 1900.

Nos. 12,040—(96).

**Town-Line Road—Waiver of Notice by Landowner.**

In proceedings under G. S. 1894, § 1824, to lay out and establish a town-line road, the respondent appeared before the supervisors at the time appointed for the hearing, and took part in the proceedings. *Held*, that he thereby waived the service of notice of such hearing or proceedings.

**Same—Objection as to Service of Other Owners.**

*Held*, further, that a person who thus appears in such proceedings cannot, after having waived notice as to himself, be heard to object that other property owners interested in the laying out of such road were not duly served with notice, or that the notice was not duly posted as required by law, except by affirmatively showing that it was not in fact posted.

**G. S. 1894, § 1809—Proof of Posting Notice.**

If the proof of posting the notice of hearing provided for in such proceedings be sufficient to satisfy the supervisors (G. S. 1894, § 1809) that the same was duly and properly posted, the jurisdiction to proceed is complete. And, as against one who has waived all notice, the determination of the supervisors on that question is final and conclusive, in the absence of some affirmative showing that the notice was not in fact posted.

[1] Reported in 82 N. W. 1099.

G. S. 1894, § 1824, Constitutional.

G. S. 1894, § 1824, *held* not unconstitutional; nor was it repealed by Laws 1891, c. 150.

From an order of the supervisors of towns of Martinsburg and Wellington laying out a highway, John Hurst appealed to the district court for Renville county. In the district court the appeal was heard before Powers, J., who found in favor of appellant. From a judgment reversing the order of the supervisors respondent towns appealed to the supreme court. Reversed.

*A. V. Rieke* and *Somerville & Olsen*, for appellants.

*F. R. Allen*, for respondent.

BROWN, J.

Proceedings under G. S. 1894, § 1824, were duly commenced for laying out a highway on the line between two towns. The town boards of supervisors of the towns interested ordered the road laid out. The respondent appealed therefrom to the district court, where the proceedings were dismissed for want of jurisdiction, and the towns appeal to this court. Three questions are presented and argued in this court: (1) Whether the section of the statutes under which the proceedings are pending is unconstitutional and void; (2) whether such section was repealed by Laws 1891, c. 150 (see section 1838); and (3) whether the proof of the service and posting of the supervisors' notice of hearing is sufficient to confer jurisdiction.

The section of the statute under which the proceedings are pending is as follows:

"Whenever the supervisors of any town receive a petition praying for the location of a new road, or the altering or discontinuing of an old one, on the line between two towns, such road shall be laid out, altered, or discontinued by two or more of the supervisors of each of said towns, either on such line or as near thereto as the convenience of the ground will admit; and they may so vary the same either to one side or the other of such line as they think proper." G. S. 1894, § 1824.

It is contended that this statute violates the constitutions of the United States and of the state of Minnesota. The constitutional provision claimed to be violated is that no person shall be deprived of life, liberty or property, "without due process of law," and that

"private property shall not be taken for public use without just compensation therefor." Const. (U. S.) Amend. 14, § 1; Const. (Minn.) art. 1, § 13.

The particular point is that the section of the statute in question does not, nor do any other sections which can be properly construed with it, provide for notice to the parties interested and to be affected by the proposed road, nor provide for compensation for land to be taken therefor. It must be admitted that there are difficulties in the way of applying this statute and putting it into operation, but such objections relate to the conduct of the proceedings thereby authorized, rather than to the validity of the statute on constitutional grounds. If the section stood alone, it would undoubtedly be open to the constitutional objections urged against it. It is a part of the general revision of the highway law of 1873 (Laws 1873, c. 5, § 42). It is true that there are no sections of the statute immediately associated or connected with this section which provide for notice or for compensation for land taken, but we are not confined to the section standing alone. It is an inseparable part of Laws 1873, c. 5, and in construing and interpreting it the whole chapter must be considered together. Sutherland, St. Const. §§ 246–260.

The several provisions of the chapter, so far as applicable to the subject in hand, are not as full and complete as well-considered and carefully prepared statutes might be made, but omissions as to the mode and manner of conducting the proceedings thereby authorized may be supplied by intendment, and do not affect the constitutionality of the law as a whole. Other sections of this statute provide for laying out town roads by town supervisors, for notice to all interested parties, and for damages and compensation for land taken. And, unless the section under consideration is to be stricken from the statutes and held entirely meaningless, such other provisions must be referred to, and applied to proceedings to lay out a town-line road under it. They may be resorted to and applied without much difficulty, and the legislature evidently so intended. The supervisors receiving the petition for such town-line road must take the active charge and conduct of the proceedings, but in the

matter of determining whether the road shall be laid out, and in assessing damages, they can act only in conjunction with the supervisors of the adjoining town. The records may be kept in the town in which the proceedings are commenced, and duplicates filed in the adjoining town; and the matter of the division of the damages to be paid, between the towns, must be left to the judgment and discretion of both boards. The notices required to be given in the case of an ordinary town road must be served in the same manner in this proceeding. Three copies should be posted in each town.

Statutes must be so construed as to give effect to every section and part, and, when any doubts arise as to the constitutionality thereof, such doubts must be resolved in favor of the law. That the legislature intended that the section of the statute under consideration should have some force and effect is too evident to be for a moment doubted. And that it was further intended that the other sections on the subject of laying out town roads generally should be resorted to and applied to this section and proceedings under it, we have no doubt. We so construe and interpret it. 23 Am. & Eng. Enc. 309; City v. Granniss, 77 Cal. 511, 19 Pac. 875; Moyle v. Jenkins, 51 L. J. Q. B. 112; City v. McNickle's Heirs, 18 B. Mon. 262, 286.

2. The contention that section 1824 was repealed by Laws 1891, c. 150, cannot be sustained. The act contains no express repeal, and can only be held as repealing it by implication. Such repeals are not favored, and unless the later statute fully and completely covers and embraces the entire subject of the older one, and is repugnant to and inconsistent therewith, no repeal by implication can arise. Sutherland, St. Const. § 138; Moss v. City of St. Paul, 21 Minn. 421. There is no such repugnancy between those two statutes as to justify an inference that the legislature intended the former to cover and embrace the entire subject of town-line roads. Both statutes may stand together. A case might arise where the town boards would deem it inexpedient to lay out a town-line road, or they might be unable to agree. In either case the county commissioners could relieve the situation, under Laws 1891, c. 150. Or a case might arise where the proposed road would extend on the

line between several towns. In such case the town board could not act, but the county board could. There can be no danger of a conflict of authority in such matter.

We are agreed on these two questions, and hold that section 1824 is not unconstitutional; neither was it repealed by Laws 1891, c. 150. But we are not agreed on the question of jurisdiction of the supervisors to proceed and lay out the road. A majority are of the opinion that respondent cannot be heard to question the sufficiency of the notice of hearing, or of the posting and service thereof.

Respondent was duly served with a copy of the notice of hearing, and he voluntarily appeared and took part in the proceedings before the supervisors. He does not complain of any defect in the service of notice upon himself, but does complain that the proofs of service upon other interested parties, and of posting the notice, are wholly insufficient to confer jurisdiction. Conceding that such proof of service is defective and insufficient, we hold that respondent is not in position to raise the objection. As to himself and his land, he waived proper service by his voluntary appearance before the supervisors. Kieckenapp v. Supervisors, 64 Minn. 547, 67 N. W. 662; Anderson v. Town of Decoria, 74 Minn. 339, 77 N. W. 229. And the only question to determine is, can he be heard to complain of a defect in the proof of service of the notice on his neighbors? He does not question the fact of service or the fact of posting the notice, but the proof thereof. The town board had jurisdiction of the proceedings, and the fact of service and posting of notice of hearing, not the proof thereof, gave it jurisdiction of the parties. Town of Haven v. Orton, 37 Minn. 445, 35 N. W. 264. Elliott, Roads & S., 242, 244, lays down the general rule on this subject as follows:

"Where notice is required, it is essential to confer jurisdiction, for without some notice there is no jurisdiction, and the proceedings are absolutely void. It is not, however, to be understood that where there is jurisdiction of the subject-matter and there are many persons interested as owners of different parcels of land, failure to give notice to some of the property owners will vitiate the entire proceeding. In such cases the better opinion is that the proceeding is void only as to those who have not been notified, but valid as to those who have had notice. * * * Proceedings in highway cases, therefore, are not, as a general rule, impeachable by persons

who, by due process of law, have been brought into court, although other property owners may not have received notice,"—citing State v. Richmond, 6 Fost. (N. H.) 235; State v. Easton, 36 N. J. L. 181.

No very good reason occurs to us why a person who has been duly served with notice, or has voluntarily appeared in the proceedings and thereby waived notice, should be permitted to urge the failure to serve his co-defendant, or to set himself up as a representative of the public generally. The supervisors in such cases represent the public, and it may be assumed that they will fully perform their duties. In State v. Barton, 36 Minn. 145, 30 N. W. 454, and Schuster v. Supervisors, 27 Minn. 253, 6 N. W. 802, it was held that a stranger to such proceedings could not appeal, though he assumed to represent the public. This rule may have been changed by Laws 1897, c. 199, § 14, so that a taxpayer or legal voter may now appeal from the determination of the county commissioners or town supervisors; but plaintiff did not appeal in such capacity, and cannot be now permitted to shift his position. But proof of posting the notice of hearing is not required by statutes to be filed, and G. S. 1894, § 1809, vests in the supervisors the power of determining whether the required notice has been properly posted. That section is as follows:

"The supervisors, upon being satisfied that the notices * * * have been duly served, proof of which shall be shown by affidavit, shall proceed to examine personally such highway," etc.

It being thus in the power of the supervisors to determine whether the proper notices have been duly served, their determination of that question should, as to one who has waived all notice, be held conclusive, in the absence of some affirmative evidence that the notices were not served. The proof presented having "satisfied" the supervisors that the notice had been properly posted, the jurisdiction to proceed was complete, for the affidavit of posting does not show that the notices were not legally posted. On the contrary, it can be fairly construed as affirmatively showing a legal posting. Burkleo v. County of Washington, 38 Minn. 441, 38 N. W. 108. The case of Pairier v. Board of Co. Commrs., 68 Minn. 297, 71 N. W. 382, is not in point. It is there said (and correctly so)

"That this clearly indicates that it was intended to confer upon an appellant the right to contest the regularity of the proceedings on which the decision and determination of the commissioners is founded, as well as the validity of such decision and determination, and, if unsuccessful, he might then have his damages reassessed."

This is sound law and good sense, but is far from holding that, where a person interested in such proceedings waives notice as to himself by a voluntary appearance, he may turn around and appear for and in behalf of the public and his neighbors, and be heard to object that the notice as to them has not been given. Our conclusion is that the learned trial judge erred in dismissing the proceeding, and that the order appealed from must be reversed.

Order reversed.

COLLINS, J. (dissenting).

I cannot agree with my associates in the proposition that a landowner over whose premises an attempt is being made to lay out a highway cannot object to irregularities in the proceedings, if he appears before the supervisors, and, as to that point in this case, dissent. The exercise of the power of eminent domain—the taking of a man's property without his consent—is against common right, and all acts which relate to or confer the right are to be strictly construed. This rule has often been laid down in this court. And in these days, when there is a growing belief that public as well as private corporations are inclined to ride roughshod over the guarantied rights of the people, there should be no departure from this doctrine. It seems to me that reversing the court below in this case has opened the door for very loose practice in proceedings initiated for the purpose of appropriating private property to public use.

1. It is true that this court, in common with many others, has held that a landowner who voluntarily appears before the supervisors and takes part in the proceedings waives service of a notice of such proceedings. If the landowner is not notified of the time and place of the hearing of the petition, the failure goes to the jurisdiction unless he appears. Notice is jurisdictional, and must be given in strict conformity to the statute. Town of Lyle v. Chicago,

M. & St. P. Ry. Co., 55 Minn. 223, 56 N. W. 820. Notice may be waived, and in this case was waived, by Hurst, this respondent. Had it not been, it is obvious, from the only affidavit of service and posting of notice filed in these proceedings, and relied upon by the supervisors, that the latter were without jurisdiction to proceed against him. This affidavit was as follows:

"State of Minnesota,  ⎫
County of Renville,  ⎬ ss
Town of Martinsburg.  ⎭

Albert Buboltz, being duly sworn, says: That on the 14th day of February, A. D. 1899, he served the within notice upon each of the occupants of the land through which the within-described highway may pass, by leaving a copy at the place of residence, E. R. Butterfield, C. A. Butterfield, John Hurst, J. Maxwell, J. Coleman, unknown; by mailing notice to Gaylord and Wm. Manecke; by reading notice personally, C. Hillman on February 13th, Albert Buboltz, Frank Fritz, Otto Fritz, and Helmuth Kicker. That, also, on the 14, 16, 17 day of February, A. D. 1899, he posted copies of the within notice in six public places in said towns: One notice at the southwest corner of S. W. ¼ of section six (6); one on post near town hall of Martinsburg; and one at southwest corner of section eleven (11), Wellington; one notice S. W. corner of section nine (9); one notice at S. E. corner of section twenty-two (22); one at a tree on the S. ½ of section 32. Albert Buboltz."

It seems plain to the writer that there was a total absence of proof that notice had been served on occupants of land through which the road was to be laid out, and also a total failure to prove that the notices had been posted as required by law. To say that this affidavit proved anything against the owners of the land is to hold that any sort of an instrument which happens to be verified is sufficient to confer jurisdiction on the supervisors in proceedings in invitum. I do not think that, as against those who failed to appear at the hearing, it can be claimed that jurisdiction was acquired; and, if so, the proceeding is absolutely void as to them. But the opinion of the majority seems to be to the contrary; for it is said that, the proof having "satisfied the supervisors," the jurisdiction to proceed was complete. Evidently these supervisors were easily satisfied, but I do not think that mere satisfaction on their part is enough. If so, why require any proof at all that the statute

has been complied with? Each supervisor may not only be "satis-fied" on this point, but he may in fact know of his own personal knowledge that notices have been duly served and posted. But, instead of resting with what may be supreme satisfaction on this point in the minds of the supervisors, the statute requires that proof of service and of posting "shall be shown by affidavit," and in this case there was no proof worthy of being so designated. Nor do I understand that Burkleo v. County of Washington, 38 Minn. 441, 38 N. W. 108, is authority in support of the claim made for it in the majority opinion. Finally, on this matter of jurisdiction to act, let me say that, in the order laying out the road in question, the super-visors do not seem to have been "satisfied" as to posting in each of the towns; for the recital is that the same were posted "in six of the most public places of said town," not in three places in each town.

If I fully appreciate the views as expressed, they are that, by appearing and taking part in the proceedings, Hurst waived his right to object, on appeal to the district court, to all irregularities which went to the question of jurisdiction. Waiver is an inten-tional relinquishment of a known right, and no man is bound by a waiver of his rights unless it is made distinctly, and with full knowledge of the rights which he intends to waive. In this case Hurst may have waived proper notice to himself, but nothing further. I agree with what has been said in an adjoining state, whose road laws are quite like our own, as follows:

"A landowner through whose land the highway runs may, by express agreement, waive his right to compensation for the land taken for the highway, and he may, undoubtedly, by express stipu-lation, waive his right to personal notice of the time and place of the meeting of the board to decide upon the petition, because these things are matters which are personal to him, and do not affect the interest of the public generally. But that a landowner cannot waive any step prescribed by the statute, in which the public gen-erally is interested, is, we think, conclusively settled by the cases of Roehrborn v. Schmidt, 16 Wis. 546, 549, and Damp v. Town, 29 Wis. 419. In the first case it was held that the landowner, who ap-peared before the supervisors at the time fixed for the hearing of the petition, and objected to the laying out of the highway, did not waive the right to question the jurisdiction of the board to proceed for the reason that the public notice required by the statute had

not been posted as required by law." Ruhland v. Supervisors, 55 Wis. 664, 13 N. W. 877.

2. I think the statute gave to Hurst the right to question the validity of these proceedings; the law in force being Laws 1897, c. 199, § 14. A like statute was so construed in Pairier v. Board of Co. Commrs., 68 Minn. 297, 7 N. W. 382, as will be seen by the quotation therefrom found in the main opinion. That decision is exactly in point, in my judgment.

3. Sound public policy, it appears to me, demands this construction of the statute as to appeals. If the law is as construed by the majority, a highway may be laid out as to one landowner, and not as to another. It may be established over one man's farm, and not over his neighbor's. One may want the road, that he may travel to some important point, and for this purpose it may be of great benefit to him,—a benefit taken in consideration when his damages are assessed. After his damages are assessed, he discovers that, through the failure of the supervisors, he is unable to reap the expected benefit. A part of the way is laid out, and a part is not. He may be located in a cul de sac. Worse than this, he may not be able to go beyond that part laid over his own premises. And his neighbor, who may question the validity of the proceedings, is not cut off from so doing until the statute of limitations runs against him. These suggestions not only affect the rights of individuals, but public interests are also affected. Town and county treasuries may easily be plundered, if the rule here laid down is carried to its logical conclusion. Large sums of money may be appropriated for payment of damages, and the towns or counties paying the same obtain nothing but pieces of rights of way, a map of which would much more resemble part of a checker-board than a public road.

4. By the 1897 law, hereinbefore referred to, every taxpayer and legal voter of the county in which is the road is given the right of appeal to the courts. The decision of the majority in this case practically wipes out that right; for, in effect, it holds that no appellant can question the validity of the proceedings, except as to some matter personal to himself. The logic of the opinion is that this is the rule whether the appellant has or has not appeared, for

by appearance he waives nothing except a known right. It necessarily follows that Hurst waived nothing but the right to have the statutory notice of the time and place of hearing.

5. Lastly, I do not wish to be understood as assenting to that part of the opinion in which it is said that a town-line road may be properly laid out by proceedings in one of the towns; the records to be kept therein, and "duplicates filed in the adjoining town." I find no statute which can be stretched to cover such a course of procedure. It is, I think, the proper way to duplicate the petition, and proceed in each town precisely as if a road two rods wide was to be laid out in each, up to the time that the town supervisors are to act jointly. Their action on the petition and subsequently, in every detail, should appear in the records of each town by duplicate original orders, including the final order establishing the way and assessing the damages. This is certainly more in harmony with the statute.