## J. C. KRENIK v. BOARD OF SUPERVISORS OF TOWN OF CORDOVA.[1]

### July 7, 1905.

### Nos. 14,352—(110).

**Highway.**

> This is an appeal in proceedings upon a petition for the laying out of a public highway. The verdict was to the effect that the road should be laid as prayed for. *Held*:
>
> 1. It is the fact of service of notice of the time and place of hearing the petition for the laying out of a highway which gives the supervisors jurisdiction to hear it, and not the proof of such service. The service of the notice in this case was duly made, and the evidence to prove the fact rightly received.
>
> 2. The verdict is sustained by the evidence.

Appeal by defendant from an order of the district court for Le Sueur county, Cadwell, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict reversing the action of defendant in refusing to lay out a public highway. Affirmed.

*John Moonan*, for appellant.

*Chas. C. Kolars* and *L. W. Prendergast*, for respondent.

[1] Reported in 104 N. W. 130.

START, C. J.

The respondent herein and others filed a petition with the clerk of the appellant town for the laying out of a public highway as therein described. Such proceedings were thereafter had with reference to the petition that the supervisors of the town refused to lay out the proposed highway, and the respondent appealed to the district court of the county of Le Sueur from the decision of the supervisors. The jury, upon the trial of the matter in the district court, returned a verdict to the effect that the action of the supervisors should be reversed, and the highway laid out and established in pursuance to the petition therefor. The board of supervisors of the town appealed to this court from an order denying their motion for judgment notwithstanding the verdict or for a new trial.

1. The first and most serious claim urged by the appellant is that the record conclusively shows that the action of the supervisors was right, for the reason that proof by affidavit of the service of the notice of the time and place of hearing the petition on all of the occupants of the land was not made to the supervisors. Such notice was in fact served on all of the occupants of the land as required by statute, but the affidavit of such service stated that the notice was served on each of the occupants through which the highway would pass, "except M. S. Cheadle, and a copy was sent him by mail." As a matter of fact, Mr. Cheadle was not such an occupant, his land being unoccupied; hence the exception to the statement in the affidavit that each occupant was served with the notice was erroneous, and, if it be disregarded as an impossible exception, the affidavit truthfully shows due service of the notice upon all of the occupants of the land. Did this irregularity in the proof of service of the notice deprive the supervisors of jurisdiction to act upon the petition? The statute (G. S. 1894, § 1809) provides that the supervisors, upon being satisfied that the notice of the time and place of their meeting to hear the petition has been duly served, proof of which shall be shown by affidavit, shall hear and decide upon the petition as they deem proper. The fact of the service of the notice is jurisdictional, but counsel for appellant contends that proof by affidavit is also.

Ordinarily, it is the fact of service, and not the proof thereof, which is jurisdictional; but where the statute expressly or by necessary implication makes the filing of proof of service of a notice a condition

precedent to further action in the proceedings, such proof is jurisdictional, and must be made in the manner and at the time required by the statute. The cases of Tucker v. Board of Co. Commrs. of Lincoln County, 90 Minn. 406, 97 N. W. 103, Dupont v. Highway, 28 Mich. 362, and others cited and relied upon by the appellant, fall within the exception. On the other hand, in the cases of Hurst v. Town of Martinsburg, 80 Minn. 40, 82 N. W. 1099, and Thompson v. Town of Berlin, 87 Minn. 7, 91 N. W. 25, this court, construing section 1809, supra, held that it is the fact of service of the notice, and not the proof of service, which gives the supervisors jurisdiction to hear and decide the petition. We therefore answer the question in the negative, and hold that the affidavit of the service of the notice in this case, taken in connection with the fact that Mr. Cheadle was not an occupant of any part of the land over which the proposed highway was to be laid, is sufficient proof that the notice was duly served, and that the supervisors had jurisdiction to consider and determine the petition, and that the district court acquired such jurisdiction by the appeal from their decision.

It was not error for the trial court to receive evidence showing that in fact the notice was served on all of the occupants of the land, nor did the court err in not submitting the question to the jury, for the evidence as to such service was undisputed; hence the question was for the court, and not for the jury. Nor was it reversible error for the court to permit the respondent to testify that he offered to give the right of way for the road over his land.

2. The last assignment of error to be considered is that the verdict is not sustained by the evidence for the reason that the evidence shows that the cost of acquiring the right of way and constructing and maintaining the proposed highway is obviously greater than its limited public convenience or utility. We are of the opinion that the evidence fairly sustains the verdict of the jury as to the necessity and propriety of laying out the highway. It is further contended that the verdict is not sustained because the evidence does not show that the petitioners were freeholders. The petition was received in evidence without objection, and no question as to its sufficiency was made on the trial, and it cannot be here raised for the first time.

Order affirmed.