TOWN OF TYRONE v. PATRICK T. BURNS.[1]

November 8, 1907.

Nos. 15,373—(33).

**Highway—Notice to Property Owners.**

Proceedings before a town board of supervisors for the purpose of laying out and establishing a highway are not rendered wholly void by a failure to serve the notice required by statute upon all property owners affected by the proposed road. Such proceedings are valid as to all property owners who are served with notice, or waive the service by appearing and taking part in the proceedings.

**Recovery of Damages Paid.**

The town is not entitled to recover back money paid to one of the property owners served with notice as damages for laying out the highway over his premises merely because notice of the proceedings was not served up-

1 Reported in 113 N. W. 695.

on all other property owners. The proceedings being valid as to the person to whom damages were paid, a legal highway existed, and he is entitled to the money paid him.

A petition of certain residents of the town of Tyrone, to the board of supervisors for the laying out and establishing a highway was granted. The board awarded to defendant $150 as damages for his land taken for the highway which amount was paid to him. This action was brought in the district court for Le Sueur county by the board of supervisors to recover the money so paid on the ground that the proceedings before the town board were void for want of jurisdiction. The case was tried before Morrison, J., who ordered judgment in favor of defendant. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Francis Cadwell,* for appellant.

*Thomas Hessian,* for respondent.

BROWN, J.

Proceedings before the board of supervisors of the town of Tyrone, Le Sueur county, resulted in an order establishing and laying out a highway in said town. The highway so laid out extended over the land of several persons, including defendant. The board assessed to defendant as damages for the taking of his land the sum of $150. After the completion of the proceedings, the final order and assessment of damages, the town paid to defendant the amount so assessed to him, and he in turn executed and delivered to the officers thereof a release of all claim for damages because of the highway, which was filed with the town clerk. Thereafter, on the claim that the proceedings before the town board were void for want of jurisdiction, and hence that the payment to defendant was unauthorized and unlawful, this action was brought by the town board to recover back the money so paid. Defendant had judgment in the court below, and plaintiff appealed.

The theory of the action is that the proceedings had by the board for the purpose of establishing the highway in question were void, and of no force or effect, because (1) the petition for the proposed highway prayed, not only for the establishment of the proposed road,

but also for the vacation and discontinuance of a highway theretofore laid out and existing; and (2) because notice of the proceedings was not served upon all property owners affected by the proposed road, as required by statute. And it is contended that as these facts are not in dispute, but conceded, the court below erred in ordering judgment for defendant.

We are unable to concur with appellant in its view of the case. So far as defendant is concerned, he was properly served with notice of the proceedings, appeared before the board and took part therein, and subsequently accepted the damages awarded him and executed to the town the usual release in such cases. Whether the petition was irregular or defective in praying for excessive relief, namely, the vacation of the other highway, it is not necessary to determine. The board did not act on that feature of the petition. As between defendant and the town, the proceedings resulted in a lawful highway, for the laying of which over his land the damages were awarded, and the final order of the board was not wholly void for the failure to serve notice upon some of the other property owners. It is true that notice to the property owners is essential in proceedings of this kind to confer jurisdiction upon the board to hear and determine the petition, and, if no notice was given at all, the whole proceedings would be coram non judice and void. "It is not, however," says Elliott on Roads & Streets, § 318, "to be understood that where there is jurisdiction of the subject-matter and there are many persons interested as owners of different parcels of land, failure to give notice to some of the property owners will vitiate the entire proceeding. In such cases the better opinion is that the proceeding is void only as to those who have not been notified, but valid as to those who have had notice. A different rule would often work injustice to the public, as well as to the citizens; for it might happen that a highway would affect many persons, and all of them, except one, be duly notified, and it would, under a rule different from that stated, be in his power to overturn the whole proceedings"—citing State v. Richmond, 26 N. H. 232; State v. Easton R. Co., 36 N. J. L. 181; Kidder v. Jennison, 21 Vt. 108; Nichols v. Salem, 14 Gray (Mass.) 490.

This rule has, for all practical purposes, been followed and applied

by this court. In Town of Lyle v. Chicago, M. & St. P. Ry. Co., 55 Minn. 223, 56 N. W. 820, the proceedings, similar to those here under consideration, were held void as to defendant therein, for the reason that no notice of the pendency thereof was served upon it or its agents. In Hurst v. Town of Martinsburg, 80 Minn. 40, 82 N. W. 1099, we held that landowners who were properly served with notice could not impeach the proceedings on the ground that others were not notified. The logic of which is that the proceedings are valid as to all persons properly served, and to those also, upon whom notice is not served, who appear and take part therein. Kieckenapp v. Supervisors, 64 Minn. 547, 67 N. W. 662; Anderson v. Town of Decoria, 74 Minn. 339, 77 N. W. 229. The case at bar falls within this rule, and as to defendant the proceedings were valid, and a legal highway was laid out over his land, entitling him to the damages awarded and paid him. If valid as to defendant, the proceedings were, a fortiori, valid as to the town.

The only inconvenience to result from this conclusion will be the institution of new proceedings to complete the road over the land belonging to those not duly notified.

Judgment affirmed.