## FRED A. BRUNS v. TOWN OF NICOLLET.[1]

August 15, 1930.

No. 27,820.

[1] Reported in 231 N. W. 924.

*Streissguth & Fordyce,* for appellant.
*Albert D. Flor,* for respondent.

DIBELL, J.

A proceeding was instituted by petition before the supervisors of the town of Nicollet in Nicollet county to lay out a cartway. A hearing was had, and an order was made by the board granting the petition. Fred A. Bruns, a voter and taxpayer, whose land was taken by the proceeding, appealed from the order of the town board to the district court, which upon hearing established the cartway. He now appeals to this court from an order denying his motion for a new trial.

The proceeding is under G. S. 1923 (1 Mason, 1927) § 2583, et seq. The petitioners are required, in addition to giving personal notice to the landowners, to cause "ten days' posted notice" of the hearing to be given.

By G. S. 1923 (1 Mason, 1927) § 1095, the voters at their annual town meeting are required to designate three places in the town as public places at which legal notices shall be posted and provide facilities for such posting. At the regular meeting the voters designated three posting places. One was "at the bulletin board in the village of Nicollet, said county, on the south side of the Nicollet State Bank." The other two were in the town and without the village. The village is geographically within the limits of the town but not governmentally a part of it. The stairway entrance to the hall over the bank, which is rented and used by the town for town purposes, is on the south side of the building. The bulletin board is substantial and conspicuous and has been maintained for many years for the purpose of giving notices to the residents and voters and taxpayers of the town. The notice of hearing upon the petition for establishing a cartway was posted upon this bulletin board.

If the giving of publicity was the purpose hardly a better place could have been selected. The two places in the town outside the village are conceded to be properly designated places. The question is whether the posting in the village and the two postings in the town without the village are sufficient. We assume for the purpose of our decision that the posting in the village was ineffective.

Bruns appeared at the hearing and took part in it and litigated the question of damages. He made no objection based on the ground of a lack of a sufficient posting until the trial court's decision was against him. We narrow our decision to the question whether Bruns by participating and not objecting at the hearing can now make an effective objection on appeal.

In Hurst v. Town of Martinsburg, 80 Minn. 40, 44, 82 N. W. 1099, 1101, the court adopted the rule stated in Elliott, Roads and Streets, 242, 244 (see 4 ed. §§ 358-359) as follows:

"Where notice is required, it is essential to confer jurisdiction, for without some notice there is no jurisdiction, and the proceedings are absolutely void. It is not, however, to be understood that where there is jurisdiction of the subject-matter and there are many persons interested as owners of different parcels of land, failure to give notice to some of the property owners will vitiate the entire proceeding. In such cases the better opinion is that the proceeding is void only as to those who have not been notified, but valid as to those who have had notice. * * * Proceedings in highway cases, therefore, are not, as a general rule, impeachable by persons who, by due process of law, have been brought into court, although other property owners may not have received notice."

Commenting on this the court said [80 Minn. 45]:

"No very good reason occurs to us why a person who has been duly served with notice, or has voluntarily appeared in the proceedings and thereby waived notice, should be permitted to urge the failure to serve his co-defendant, or to set himself up as a representative of the public generally. The supervisors in such cases represent the public, and it may be assumed that they will fully perform their duties."

So, in Board of Supervisors v. Magoon, 109 Ill. 142, 148, the court said:

"As to the objection that the highway commissioners are not shown by the record to have posted the notices required, of the time set for hearing, the record of the town clerk recites that the notice was given, and names the places where they were posted. By appearing and proceeding to a hearing appellee admitted there was notice, and he is estopped to afterwards deny it. Whether or not there was proper notice, he waived that by appearing and proceeding with his application. He had sufficient notice to enable him to appear and be heard, and he was not injured for the want of notice. Whether others not appearing and participating in the proceedings are estopped, is a question not before us for decision."

In Town of Tyrone v. Burns, 102 Minn. 318, 321, 113 N. W. 695, the court referred to the language of the Martinsburg case, 80 Minn. 40, 82 N. W. 1099, saying:

"The logic of which is that the proceedings are valid as to all persons properly served, and to those also, upon whom notice is not served, who appear and take part therein."

The following cases may be noted, but a discussion of them is without particular value: Kieckenapp v. Supervisors, 64 Minn. 547, 67 N. W. 662; Anderson v. Town of Decoria, 74 Minn. 339, 77 N. W. 229.

The doctrine of waiver or estoppel announced is controlling, unless it be held that the posting of the three notices in the precise manner directed by the statute is essential to jurisdiction in laying out a cartway, even as to one who actually participates as an objector in the proceeding; and in effect it is a holding that a failure to serve a landowner personally is waived by his participation, but the failure to post in accordance with the direction of the statute cannot be waived by participation.

The appellant urges that the reasoning in Tucker v. Commrs. of Lincoln County, 90 Minn. 406, 97 N. W. 103, controls. That was a county seat contest case; and the question was as to whether notices

of an election had been properly posted—not whether a litigating property owner who had participated in the hearing as far as to an award of damages without objection and then sought·to claim that a notice was not properly posted could avoid the proceeding. Whether the ruling in the Tucker case, 90 Minn. 406, 97 N. W. 103, should be reconsidered is an open one.

The case presents some difficulty of the usual avoidable character. Any construction given would be subject to criticism under particular facts supposable. That which we give will lessen perhaps rather than invite litigation. It tends to quiet disputes in proceedings already had.

Of course nobody has been harmed. It is quite impossible to concede that plaintiff was wronged by posting a more effective notice within the geographical limits of the village instead of a less prominent one outside it. Still a taxpayer and voter has the right to insist that the statute be followed; but in a case like this we think he may waive his right.

Order affirmed.

[1]Reported in 231 N. W. 926.