### JOHN FREEMAN AND ANOTHER v. TOWNSHIP OF PINE CITY AND ANOTHER.[1]

May 12, 1939.

No. 32,029.

*Michael B. Hurley,* for appellants.
*Ottocar Sobotka* and *S. G. L. Roberts,* for respondents.

HOLT, JUSTICE.

Action for declaratory judgment that plaintiffs are the owners of two described forties in Pine county, this state, and are entitled to a decree that defendants have no right to construct or maintain a public road on the town line separating the two forties. After trial findings were made to the effect that plaintiffs were such

[1]Reported in 286 N. W. 299.

owners, but subject to the easement of a public road four rods wide legally laid out along said town line. From the order denying their motion for a new trial, plaintiffs appeal.

The town of Pine City, Pine county, this state, lies directly north of the town of Rock Creek therein, the boundary between them being the town line. For more than 20 years plaintiffs have been the owners in fee simple of the southwest quarter of the southeast quarter of section 7 and the northwest quarter of the northeast quarter of section 18, all in township 38 of range 21. The town line mentioned separates these two forties, the first described being in the town of Pine City and the other directly south in the town of Rock Creek. An order laying out a public road, dated and signed June 7, 1902, by two supervisors of each town, is in evidence. The then town clerk of the town of Rock Creek, William E. Anderson, was a witness at this trial, as were also the two supervisors of the town of Pine City, who signed the order. The order is upon one of Walter S. Booth's blanks, a large sheet of four pages, mostly in print with blank spaces for the necessary insertions with pen and ink. The handwriting is all by said William E. Anderson, except the signatures of the supervisors. The order laying out the road is on the second page and the award of damages on the fourth page. On the first page is a description of the lands touched or taken by the road and the names of the 15 persons who petitioned for the same. The third page is a blank because there was no occasion for a survey, which should have been entered thereon if a survey had been made. The order recites that the petition for the road had been filed and posted the requisite time, that the notice of the place and time of hearing had been issued and served on the occupants of the several tracts of land involved, and posted in three of the public places of the town at least 10 days before the hearing, and then follows the laying out of the road in these words:

"Beginning at quarter post in Section 17 on line between Sections 8 and 17, Town 38, Range 21, thence due west on Town line between the towns of Rock Creek and Pine 1¼ mile to connect with the town line road between the towns of Rock Creek and Royalton.

"It is Therefore Ordered and Determined, That a road be, and the same is hereby laid out and established according to the description last aforesaid and it is declared to be a public highway four rods wide, the said description above given being the center of said road.

"Given under our hands, this 7th day of June, A. D. 1902.

"F. P. Dey,     )
"J. B. Saumer   )
"G. A. Robinson) Supervisors."
"Fred A. Wright)

The first two were the supervisors of Rock Creek town, and the last two were the supervisors of the town of Pine City. This order is endorsed: "Filed this 7th day of June, A. D. 1902. Wm. E. Anderson, Town Clerk," and underneath:

"The within Road Order, together with the Award of Damages, was recorded by me the 7th day of July, 1902, in the Road Record Book of the Town, and then sent by me to the County Auditor, to be filed and preserved by him.

"Wm. E. Anderson,
                    "Town Clerk."

And thereunder this endorsement:

"Office of County Auditor, County of Pine, Minn.
"Filed this 19th day of March, 1903, at 1 o'clock P. M. in this office.

"D. Greeley,
                    "County Auditor."

This is clearly the original order preserved by the county auditor. The proceeding was initiated by the petition for the road being presented to the authorities of Rock Creek town. Unfortunately all the records of the town clerk of that town were destroyed by fire in 1918. There is a copy of the road petition and a copy of the order laying out the road in evidence, all except the endorsement in the handwriting of William E. Anderson, the town clerk of the town of Rock Creek. On the copy of the petition is endorsed:

"Filed this 26th day of November A. D. 1903. C. C. Ives, Town Clerk." Mr. Ives was then the town clerk of the town of Pine City. The copy of the order laying out the road also bore the endorsement of C. C. Ives of being filed in his office December 2, 1902, and by him recorded in the road record book of the town of Pine City January 2, 1903 (also in the evidence) and sent to the county auditor, who endorsed filing therein on March 5, 1903, at 10 a. m. Undoubtedly both the original and the copy of this road order came from the auditor's office, their proper resting place. The laid out road was opened from its east starting point to plaintiffs' land after it was established, but for lack of means nothing was done by the towns to open it farther west until shortly before this action was brought.

The assignments of error may well be summarized, as done by plaintiffs' counsel, under two propositions: (1) Was a town line road legally established along the line dividing their two forties? (2) If established, was the road abandoned?

Two years before this town line road was laid out, Hurst v. Town of Martinsburg, 80 Minn. 40, 82 N. W. 1099, 1100, was decided, involving a town line road. G. S. 1894, §§ 1824 to 1828, inclusive (L. 1873, c. 5, §§ 42 to 46), are the only sections which specifically refer to town line roads. Section 1824 reads:

"Whenever the supervisors of any town receive a petition praying for the location of a new road, or the altering or discontinuing of an old one, on the line between two towns, such road shall be laid out, altered or discontinued by two or more of the supervisors of each of said towns, either on such line or as near thereto as the convenience of the ground will admit; and they may so vary the same either to one side or the other of such line as they think proper."

In the Hurst case it was concluded that other sections than § 1824 of the same chapter must be considered as applying to the procedure in laying out a town line road, and this language of that decision is here applicable [80 Minn. 42]:

"The supervisors receiving the petition for such town line road must take the active charge and conduct of the proceedings [here evidently the supervisors of the town of Rock Creek to whom the petition was addressed], but in the matter of determining whether the road shall be laid out, and in assessing damages, they can act only in conjunction with the supervisors of the adjoining town. The records may be kept in the town in which the proceedings are commenced, and duplicates filed in the adjoining town; and the matter of the division of the damages to be paid, between the towns, must be left to the judgment and discretion of both boards. The notices required to be given in the case of an ordinary town road must be served in the same manner in this proceeding. Three copies should be posted in each town."

The production of this original order laying out this road is by G. S. 1894, § 1820, made "prima facie evidence of the regularity of the proceedings prior to the making of such order." This includes proper proof of posting of the petition for the road, the proper notice of the time and place of hearing, and of the proper service of such notice upon the occupants of the lands affected and proper posting of such notice. On the first page of the order laying out the road is a space headed, "Petition and Notices, when and where posted," in which the town clerk, William E. Anderson, has stated that the petition was posted one at each end of the proposed road, one at the crossroad, near Glassow's barn, one at Schwarz's corner, one at Rock Creek station, and one at Presbyterian church, on April 12, 1902, and then "notices posted same places as petition on the 31st day of May A. D. 1902." The contention of plaintiffs' counsel is that the last quoted recital destroys or rebuts the *prima facie* evidence of regularity of the proceedings prior to the making of the order. The contention is not sustained. There is no statute requiring the town clerk to make such recitals on the first page of the road order or any place else. It was the duty of the supervisors to examine the proof or affidavits of posting of the petition and of the service and posting of notice to ascertain that they had jurisdiction to lay the road. Their order does recite that those

matters were done properly and timely. This recital over their signatures should not be overthrown by an unauthorized statement of the town clerk. It is suggested that copies of affidavits showing proof of posting petition and of service and posting of notice were not now found in the office of the town clerk of Pine City town. Even so, there is no statute requiring such filing to make the order legal. Moreover, this record shows that Charles Olson, the then owner of the south forty, petitioned for the road and was present at the hearing and voiced no objection to laying out the road. The petition and order state that the owner of the north forty is "not known." No evidence was offered tending to prove that the north forty was in the possession or occupation of anyone in 1902. In this situation the road order itself, signed by the four supervisors of the two defendants, must be held to be *prima facie* proof of the regularity of the proceedings prior to its making. Even if the recital of William E. Anderson on the first page of the road order is taken into account, it does not show that notices of hearing were not posted in three public places in each town. The notices posted at either end of the proposed new road could be considered as posted in both towns. Then it is stated that one was posted at the crossroad near Glassow's barn, one at Schwarz's corner, one at Rock Creek station, and one at the Presbyterian church. The supervisors presumably knew where these four places were. We do not from this record, and cannot, say that there was not a proper posting in either town.

It is suggested that the failure to file a duplicate or a copy of the road order with the town clerk of the town of Pine City until December 2, 1902, is fatal. The statute does not state at what time a duplicate or copy of the order laying out the road must be filed with the town clerk of the town that did not take the leading part in the proceeding. In fact there is no statutory requirement that any document touching the proceeding be so transmitted for filing. In the absence of such mandate, it would seem that mere delay or neglect of either clerk of the two towns to file or transmit some document should not destroy an order establishing and laying out

a public road by lawful authority. The laying out of a public road by town supervisors or county commissioners is not to be tested by the strict rules pertaining to court proceedings. State ex rel. Simpson v. Rapp, 39 Minn. 65, 38 N. W. 926. In Anderson v. Supervisors, 92 Minn. 57, 59, 99 N. W. 420, 421, it was said:

"Proceedings in the matter of laying out public highways have always been treated liberally by this court, and the statutes on the subject construed broadly, and with a purpose to facilitate the action of public authorities. To apply strict rules of jurisdiction would result in rendering invalid nearly all such proceedings, and be subversive of the best interests of the public."

As stated above, Charles Olson, the then owner of the south forty, was present at the hearing of the petition for the road. He was one of the petitioners. As to him and his land the road is valid regardless of proof of posting or serving of notice. As said in Town of Tyrone v. Burns, 102 Minn. 318, 321, 113 N. W. 695:

"The logic of which is that the proceedings are valid as to all persons properly served, and to those also, upon whom notice is not served, who appear and take part therein." Anderson v. Town of Decoria, 74 Minn. 339, 77 N. W. 229; Kieckenapp v. Supervisors, 64 Minn. 547, 67 N. W. 662.

It is also claimed that the laying out of the road was not completed because there was no allotment between the two towns as to the part of the road each town was to open and maintain. There is testimony that in 1902 the towns were out of funds. However, the part east of these forties was opened and has been used. G. S. 1894, §§ 1825, 1826, and 1827, while providing for such allotment of a town line road, does not fix a time when it is to be made, nor does it seem reasonable that a lawfully established town line road is wiped out or reverts if the town boards omit to parcel out formally the portion each town is to care for.

The finding that defendants have not abandoned the road is assailed as unsupported. Before this road was laid out L. 1899, c. 65, § 1, was enacted. It reads:

"No occupant of any public street, highway, alleys, public square or levee or any part or portion thereof within this state shall acquire any title to any such street, highway, alleys, public square or levee, or any part or portion thereof, by reason of such occupancy."

The essential part of that law is found in 2 Mason Minn. St. 1927, § 9186. Prior to 1899, Parker v. City of St. Paul, 47 Minn. 317, 319, 50 N. W. 247, 248, was decided, wherein it was said:

"It may also be safely laid down as sound, both upon reason and upon considerations of public policy, that until the time arrives when a street, levee, or the like is required for actual public use, and when the public authorities may be properly called upon to open or prepare it for such use, no mere non-user for any length of time, however great, will operate as an abandonment."

In the case at bar there was no evidence other than the mere fact of nonuser. The burden was on plaintiffs to prove abandonment. See also In re Petition of Schaller, 193 Minn. 604, 614, 259 N. W. 529, 826.

The order is affirmed.

MR. JUSTICE HILTON, being incapacitated by illness, took no part.