[No. 11589.    Department One. — June 10, 1887.]

# T. F. DAVIS, APPELLANT, *v.* B. B. BAKER, RESPONDENT.

ATTACHMENT — LEVY ON REAL ESTATE — POSTING WHEN SUFFICIENT. — Under section 542 of the Code of Civil Procedure, the levy of a writ of attachment upon real property may be made by posting the attachment papers in a conspicuous place on the land, if the sheriff, at the time of visiting the land for the purpose of making the levy, cannot find any one visibly occupying the property.

ID. — RETURN TO WRIT — SUFFICIENCY OF — CONSPICUOUS PLACE. — The return of the sheriff to the writ of attachment in question recited that the sheriff, on a specified day, duly levied the same upon the land thereinafter described, "by posting a copy of the writ, attached to a notice, notifying the defendant that said property was attached, on the premises." On the trial the sheriff testified that the papers were posted on a building which was on the land. *Held*, that the return was *prima facie* sufficient to support the levy, although it did not state that the papers were posted in a conspicuous place on the land.

APPEAL from a judgment of the Superior Court of Butte County, and from an order refusing a new trial.

The land in question, on the second day of March, 1877, was owned by one Thomas R. King, through whom each party claims to have derived title. The defendant claims under a deed from King, executed on the 12th of March, 1877, and recorded on the same day. The plaintiff claims to have succeeded to King's title by virtue of a sheriff's deed issued in pursuance of an execution sale under a judgment entered on the twenty-sixth day of March, 1877, in an action wherein A. J. Loomis was plaintiff, and King was defendant. A writ

of attachment was properly issued in that action, and on the 2d of March, 1877, was levied upon the land in question. The return of the sheriff recited that on the second day of March, 1877, he duly levied upon the real estate by posting a copy of said writ of attachment, attached to a notice, notifying the defendant that said property was attached, on the premises. The court found that the levy of the writ of attachment was insufficient to create a lien. The further facts are stated in the opinion of the court.

*Hundley & Gale,* for Appellant.

*Park Henshaw,* for Respondent.

Temple, J.— This is an action to quiet title, and the only question in the case is, whether a writ of attachment was so levied as to constitute a lien on the premises prior to the conveyance under which the plaintiff claims title. The premises constitute one half of a lot in the town of Chico, having a frontage of 33 feet, and extending back 132 feet. One Ashbrook at the time of the levy had an office upon the lot in a small building, the dimensions of which were said to be 12 by 15 feet. No copy of the writ or notice was left with Ashbrook, but the levy was made by posting on the house as though the premises were unoccupied. The sheriff was examined as a witness, and testified:—

"*Question.*— Do you know whether or not at that time there was any one living on the premises?

"*Answer.*— I do not. When I went there to serve the papers I did not find any one in the house. I waited there quite a while without finding any one, and . . . . I posted the papers on the house.

"Think there was a table, and perhaps a chair or so, but it did not look to me as though it was occupied by any one. There was a light burning in the room, and I waited a long time, but no one appeared. . . . .

" I found nobody in possession when I went there, and no person came while I was there, and there was no occupant at all there that I saw."

It is insisted that the levy is void, because a copy of the writ and a notice was not served upon Ashbrook, who, it is claimed, was at the time of the levy an occupant within the meaning of section 542, Code of Civil Procedure.

The portions of section 542, which are material to this discussion, are as follows: —

" Sec. 542. The sheriff to whom the writ is directed must execute the same without delay, . . . . as follows:—

" 1. Real property, . . . . by filing with the recorder of the county a copy of the writ, together with a description of the property attached, and a notice that it is attached; and by leaving a similar copy of the writ, description, and notice with an occupant of the property, if there be one; if not, then by posting in a conspicuous place on the property attached."

It must be admitted that the most ordinary meaning of the word " occupant " is " one who occupies or takes possession; one who has the actual use or possession, or is in the possession, of a thing." Occupancy is said to be the act of holding possession. It will be presumed that the word is used in the most usual sense, unless there can be discovered something in the statute itself which indicates a different use of the word in this particular instance, and we think such intent is readily found.

The officer is required to execute the writ without delay. Promptness is generally essential to the beneficial use of the writ at all. The sheriff would be held responsible for any lack of diligence by which loss should accrue. It is not always easy to find out who is in possession of property. In view of the promptness required, it must have been intended that the occupant should be easily discoverable,—in fact, some one visibly

occupying the property, so that when the officer visits the property for the purpose of completing the levy, he can determine then by what he can see whether he shall serve the copies by leaving with an occupant, or by posting.

Again, it was evidently intended that all real estate not by law exempt should be subject to be attached for the debts of the owner. But if the word "occupant" means simply one in the actual possession of land, there would be a large amount of such property not declared to be exempt, and yet which could not be levied upon. One may be in the actual possession, and yet not be in the county or state, and there might be no other occupant. In such case, there could be no levy if the position of respondent be correct. One fearing an attachment would have but to lock up his place and go out of the county to be beyond the reach of the writ, so far as his real estate is concerned, of which there was no other occupant. A construction which would lead to such a result is, of course, inadmissible.

Subdivision 2 of section 542, Code of Civil Procedure, seems to favor this view. That provides for the levy of the writ when the property, though belonging to the debtor, stands on the records of the county in the name of another. It requires copies of the papers to be left with the occupant, if any, and also with such other person or his agent, or at the residence of either, if within the county.

That is to say, it specifically directs, when the property stands in the name of another, the papers shall be served upon him or his agent, and if they cannot be found at the residence of either, while it omits to provide that if the occupant cannot be found, it shall be left at *his* residence.

Therefore we conclude, repeating what we have already said, the provision as to the occupant is a direction to the officer as to posting when he goes upon the land to

complete his levy; if he find an occupant, he must leave the copies of the papers with such occupant; but if he can find no such occupant, he must post them in a conspicuous place upon the land.

It is also claimed that the levy is void because it is not stated in the return that a copy of the writ, with a description of the property attached, and the requisite notice, were posted in a conspicuous place on the land. On the trial, the officer ·testified that the papers were posted on the building which was upon the place. The return *prima facie* is sufficient. (*Porter* v. *Pico,* 55 Cal. 172.)

Under the circumstances, we think the evidence must be held as showing a compliance with the statute in this respect. The land levied upon was a small lot, vacant, except as to the portion occupied by the building used as an office. It would appear that the building must necessarily be the most conspicuous place on the land. The attention of the parties in the court below seems to have been engrossed with the question as to whether there was an occupant or not, and the particular point now under consideration was apparently not thought of. On the new trial the whole matter can be more thoroughly investigated.

Judgment and order reversed, and new trial ordered.

McKINSTRY, J., and PATERSON, J., concurred.