[No. 14023. In Bank. — February 18, 1891.]

## T. F. DAVIS, RESPONDENT, *v.* B. B. BAKER, APPELLANT.

RECORD ON APPEAL — PRACTICE — PRESUMPTION. — The record on appeal must show a foundation in fact for the points made. It is not sufficient that an objection by counsel at the trial recites certain facts.

ATTACHMENT — WRIT — STATEMENT OF PLAINTIFF'S DEMAND. — The words "or thereabouts," after the statement of plaintiff's demand in the writ of attachment, do not render the attachment void on a collateral attack.

ATTACHMENT — POSTING OF WRIT — CONSPICUOUS PLACE. — The statute does not require the posting of the writ in the most conspicuous place, but only in a conspicuous place. Instance.

APPEAL from a judgment of the Superior Court of Butte County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Park Henshaw,* and *Gray & Sexton,* for Appellant.

*John Gale,* for Respondent.

HAYNE, C. — Suit to quiet title; judgment for plaintiff; defendant appeals.

The parties stipulated that the only question to be determined is, whether a certain attachment, under which the plaintiff claims, was properly levied upon the lot in controversy. Upon the former appeal it was held that the return was *prima facie* sufficient. (*Davis* v. *Baker,* 72 Cal. 494.) The defendant now urges two reasons why the levy should be held to be insufficient.

1. It is argued that the writ was insufficient in that it did not state " the amount " of the plaintiff's demand, as

required by section 540 of the Code of Civil Procedure, but stated that the action was to recover $620, " or thereabouts." We are inclined to doubt whether this question is, open for consideration under the stipulation. Assuming that it ,is open, there is no foundation for it in the record. It appears that the writ was introduced in evidence, but it is not shown by the bill of exceptions. The only thing that appears is an objection by counsel, in the course of which he recites a portion of the writ. This is not a sufficient mode of showing a fact. If it be assumed to be sufficient, it only purports to be a part of the writ; *non constat* but that the remainder of the writ was amply sufficient in the respect referred to. And if the fact were shown to be as the appellant says it is, we do not think that the words " or thereabouts," after the amount of the demand, render the attachment proceedings void upon a collateral attack.

2. It is said that the evidence shows that the writ was not posted " in a conspicuous place," as required by section 542 of the Code of Civil Procedure. The finding is, that the notice was posted in a conspicuous place. And the evidence shows conclusively that this was so. The house was near a corner formed by two streets, and on the east side was a vacant lot. The east side was the "long side." The notice was posted on this side, within five or six feet of the street. The contention is, that it ought to have been posted on the front of the house. The sheriff testifies that " anybody could see it that would go by "; that it was the most suitable place — conspicuous place — I could find "; and that it was the safest place to put the papers, " so that they would stay placed." Another witness testified that the papers posted could readily be seen; "no trouble to see them; one could scarce pass without seeing the papers, if they were looking at all." There was no evidence to the contrary. The appellant says that the testimony of these two witnesses was materially weakened on cross-examination;

but we do not think so. The statute does not require that the notice should be posted in "the most" conspicuous place, but only in a conspicuous place; but if it did, we should not be able to say that the evidence did not show that the place chosen was not as conspicuous as any other.

We think that the judgment and order appealed from should be affirmed, with damages.

BELCHER, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.