# CARRIE W. McCAULEY v. TOWN OF McCAULEYVILLE.[1]

July 15, 1910.

Nos. 16,628—(213).

**Highway — service of notice of hearing not waived — jurisdiction.**

The board of supervisors of the appellant town made its order, purporting to lay out a road over the respondent's farm, of which she was in the actual possession and control. She did not reside thereon, but in a village near by. Notice of the time and place of hearing on the petition for the road was not personally served upon her. She filed a protest against the laying out of the road, on the ground that the board was without jurisdiction so to do. *Held*, that she was an occupant of the farm, within the meaning of section 1172, R. L. 1905, and, notice not having been served upon her, the board did not have jurisdiction to lay the road over her farm, and, further, that the filing of the protest did not waive the defect.

Carrie W. McCauley appealed to the district court for Wilkin county from the order of the board of supervisors of the Town of McCauleyville establishing a public cartway over part of plaintiff's land. The appeal was heard before Flaherty, J., who ordered the proceedings of the board of supervisors vacated so far as they affected plaintiff. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*Lewis E. Jones,* for appellant.

*A. E. Boyesen* and *Wolfe & Schneller,* for respondent.

[1]Reported in 127 N. W. 190.

Start, C. J.

On August 5, 1909, the board of supervisors of the town of Mc-Cauleyville made its order purporting to lay out a public cartway or road, from which the respondent, an owner of land over which the road was attempted to be laid, appealed to the district court of the county of Wilkin, on the ground, with others, that the board was without jurisdiction in the premises. The trial court reversed the order of the board, and dismissed the proceedings as to the respondent. The town appealed from an order denying its motion for a new trial.

The only question presented by the record is whether the board had jurisdiction to make the order laying the road. A determination of the question depends upon the answer to be made to the questions: (a) Did the board acquire jurisdiction in the premises? (b) If not, did the respondent appear on the hearing of the petition, and thereby waive the defects in the proceedings as to her?

The evidence relevant to these questions was sufficient to sustain a finding by the trial court of the facts following: The respondent, Mrs. McCauley, owned a quarter section of land over which the road was attempted to be laid. There were a barn and some pasture fences on the premises, but no dwelling house or other structure. The land was seeded to timothy, except thirty six acres in one corner, upon which there was a crop of flax. She employed a man named Gagnon to seed and harvest the flax at so much an acre. She resided in the vicinity of the land in the village of McCauleyville, and was temporarily absent from the state when the proceedings to establish the road were taken. The notice of hearing on the road petition was served on Gagnon personally, and a copy of the same was mailed to respondent, which she received at The Dalles, Oregon. Three days before the day set for the hearing on the petition, she filed, by her attorney, a protest against the laying of the road, on the ground, among others, that the board was without jurisdiction; notice to all of the landowners not having been given as required by law. The protest also stated that the road was neither necessary nor of public utility sufficient to warrant the expense attending its establishment. On the hearing of the petition, Gagnon, assuming to represent the respondent,

appeared on her behalf and took part in the proceedings. He was not authorized to so appear for and represent her.

The evidence to support a finding of the foregoing facts is practically undisputed, except the last one stated. Whether Gagnon was authorized to represent her is, under the evidence, a debatable question, and the appellant here urges that the evidence shows that he was so authorized. Upon the evidence, we are of the opinion that it is sufficient to sustain the finding. The trial court upon these facts held that the respondent was an occupant of her land, within the provision of R. L. 1905, § 1172, requiring that the order fixing the time and place for the hearing on the road petition must be personally served upon each occupant of the land through which the road will pass; that no notice was personally served on her; that she did not waive such service, and therefore the board was without jurisdiction to lay the road over her land.

The pivotal question for our decision is whether the respondent was an occupant of the land, within the meaning of the statute. The difference is to be noted between the language of the statute here in question and the homestead statute (R. L. 1905, § 3452), which requires actual residence upon the land. Hence the case of Quehl v. Peterson, 47 Minn. 13, 49 N. W. 390, is not here in point. Nor is the case of Cutting v. Patterson, 82 Minn. 375, 85 N. W. 172, in point; for the statute (R. L. 1905, § 4459), construed in the case cited, requires that notice of a mortgage foreclosure sale must be served on the person in possession of the mortgaged premises, if the same are actually occupied.

The word "occupant," as ordinarily used in statutes, means one in actual possession of land as distinguished from constructive possession thereof; that is, one who holds possession and exercises dominion over it. There may be occupancy of land without actual residence thereon, just as there may be actual and adverse possession of land without actual residence thereon. Veerhusen v. Chicago, 53 Wis. 689, 11 N. W. 433; Davis v. Baker, 72 Cal. 494, 496, 14 Pac. 102; Shelby v. Houston, 38 Cal. 410; People v. State Treasurer, 7 Mich. 366; 6 Words & Phrases, 4904. We accordingly held, in the case of Thompson v. Town of Berlin, 87 Minn. 7, 91 N. W. 25, construing the statute here in question, that the word "occupant," as

used therein, is used synonymously with "possession," and that the statute requires service of the order on the person having the actual possession and control of the land. It follows that, if the respondent was in the actual possession and control of her land, she was an occupant thereof although she did not reside thereon.

It is the settled law of this state that actual residence on land is not necessary to constitute actual and adverse possession. Dean v. Goddard, 55 Minn. 290, 56 N. W. 1060; Wheeler v. Gorman, 80 Minn. 462, 465, 83 N. W. 442. It is clear from the evidence in this case that the respondent was in the actual possession and control of her land. She had a barn thereon, the land was fenced, and it was a cultivated farm, part of which was seeded to timothy, and the balance to flax. There was no dwelling house on the land; but she lived in the village near to her farm, which she personally looked after. We hold that she was an occupant of the land within the meaning of the statute, and that the order should have been served on her personally, and, further, that the board acquired no jurisdiction to lay the road over her land. It follows that the proceedings laying the road as to her are void, unless she waived the service of the order upon her.

It is urged that the filing of the protest was such waiver, and that she is estopped from now raising the question of jurisdiction. Inasmuch as there was no appearance by or for her on the hearing of the petition, the case is narrowed to an inquiry as to the effect of filing such protest. The protest was made upon the express ground that the board was without jurisdiction. The fact that other grounds were also stated, which were not strictly germane to the jurisdiction of the board, is not specially significant. The protest was simply filed some three days before the hearing, and the respondent did not in any manner appear at the hearing on the petition or take any part therein. The strict rules as to a plea in abatement in civil actions cannot here apply, for the simple question is whether, by the filing of the protest, she appeared and took part in the hearing on the petition, so as to bring the case within that of Town of Tyrone v. Burns, 102 Minn. 318, 113 N. W. 695, and cases therein cited. Clearly the filing of the protest was not such an appearance.

Order affirmed.