## ERNEST E. PETERSON v. BOARD OF SUPERVISORS OF TOWN OF CHISAGO LAKE.[1]

April 2, 1937.

No. 31,023.

[1]Reported in 272 N. W. 391.

A. M. Bullis, for appellant.
S. Bernhard Wennerberg, for respondent.

Holt, Justice.

The town board of the town of Chisago Lake laid out a town road through the farm of appellant and others in the town. He appealed to the district court. The action of the town board was sustained, and he appeals from the order denying a new trial.

Appellant owns the southeast quarter of section 14, township 34, range 20, Chisago county, this state, except one and a half acres in the southwest corner thereof, owned by a school district. On the west side of the farm is the Center City-Almelund highway. For many years a road called the Taylors Falls-Furuby road has existed, running east from the Center City-Almelund road on the south line of appellant's farm 208 feet, thence northeasterly to a point 407 feet west of the northeast corner of the southeast quarter of the southeast quarter. On June 6, 1935, a petition to establish a new road over appellant's farm four rods wide on the 1/8 section line, that is, on the line dividing the north two forties from the south two, running east from the Center City-Almelund road on the 1/8 section line not only through said section 14 but also on the same line through section 13 until a short distance past the line dividing the east half from the west half of the southeast quarter of the southeast quarter thereof, thence southeasterly until it crosses the Taylors Falls-Furuby road. The petition also asked for the vacation of the latter road where it deviates from the new road to be established. The hearing was set for June 18, 1935, at

2 o'clock p. m. at the west end of the proposed road where it was to join the Center City-Almelund road. The town board and clerk met with some 20 or 30 interested parties, among whom were appellant and his attorney. The town board walked over and examined the proposed road and heard those who wished to be heard. Appellant is almost totally deaf; but his attorney spoke for him and stated that he appeared specially to object to the jurisdiction of the board on the grounds that the petition was not proper and notice had not been served on appellant. The petition was granted, and appellant duly appealed to the district court. The court made findings affirming the action of the town board in laying out the new and vacating the old road.

Counsel for appellant conveniently groups his attack upon the order on three propositions, viz.: (1) The evidence does not support the finding that appellant waived service of notice of the hearing; (2) the town board was without power to entertain this petition, having in effect denied another petition for the same road petitioned for within a month previous to granting this; (3) the town board was without jurisdiction to entertain proceedings involving a designated county aid road.

The court found that the notice of hearing was not served on appellant. It appears that he lives on this farm but was away from home on the day the notice was served. A relative of appellant, Vernon Johnson, operates the farm for appellant and occupies a dwelling thereon, a short distance from the home of appellant, and the notice of hearing was served, on June 6, 1935, by leaving a copy with the wife of Vernon Johnson at the house of his usual abode. Appellant received word of this service the same evening. The court then found:

"That at the time and place designated in said notice of hearing said board met to consider and act upon said petition and at said time and place appellant appeared with his attorney, A. M. Bullis; appellant stated that he appeared specially and objected to the granting of the petition on the ground that jurisdiction had not been obtained because of a defect in the notice and that no service of

the same had been made on appellant; that subsequent to such special appearance and before respondent had taken any action upon the objections made on said special appearance, appellant by his attorney presented a plat to said board of his premises and stated and presented his reasons why on the merits the petition should not be granted."

We think this finding is well sustained by the evidence. After making his objection to the jurisdiction, the attorney was asked by the board if he had any other objections and answered: "Yes. Mr. Peterson is very much opposed to the road." The attorney then went to his car, produced a plat of appellant's farm, and pointed out in what respects the road was a detriment and a damage to this property; he called attention to the pasture, the various fields, and the fences. One witness testified that the attorney for appellant occupied more time at the hearing than any of the other property owners affected by the road petitioned for. The petition covered a subject matter within the jurisdiction of the town board. But jurisdiction to lay the road over appellant's farm could be had only by service of notice of hearing or by voluntary appearance and participation in the hearing. The court was of the opinion that, even though there had been good service made on the occupant Vernon Johnson, it was not effective as to appellant, who was both the owner and also an occupant of the farm. Had appellant not appeared at all or had he merely made his special appearance, the order laying out the new and vacating the old road, so far as concerns appellant's farm, would have been a nullity. But, when he or his attorney went into the merits of the road and discussed with the board the injury or damage resulting to the farm, he waived the service of notice. The notice is only for the purpose of enabling the property owner to be present at the hearing and protect his interest. It should not take much to waive the service of the notice where it appears that he got knowledge thereof the day it was intended he should have been served, that he had ample time to secure an attorney to be present with him, and to prepare a plat for the purpose of convincing the board of the detrimental

effect of the proposed road upon his rights. This road affected at least five other farms. If appellant insisted on the technical objection that he had not been served, he ought not to have gone into the merits or demerits of the road. Had the town board then understood that appellant insisted on being served before submitting the petition on the merits, an adjournment could then have been ordered until such time as good service could have been made of the notice upon appellant. It is not likely that the town board would have laid out any part of the petitioned road unless or until that part traversing appellant's land was included. The town board is not a court. It is not required to rule upon objections or special appearances. It does not swear witnesses. In matters of laying out roads it functions as a legislative body, it examines the locality in question, and discusses with interested persons whether or not public convenience and welfare requires the road petitioned for. We think, therefore, the strict rules pertaining to a waiver in a court proceeding are not applicable. It may not be quite accurate to speak of the service of notice of the hearing of a petition to lay a road over an owner's land as a right. But, however designated, notice may be waived. Kieckenapp v. Town of Wheeling, 64 Minn. 547, 67 N. W. 662; Anderson v. Town of Decoria, 74 Minn. 339, 77 N. W. 229; Hurst v. Town of Martinsburg, 80 Minn. 40, 82 N. W. 1099; Bruns v. Town of Nicollet, 181 Minn. 192, 231 N. W. 924. Appellant relies on McCauley v. Town of McCauleyville, 111 Minn. 423, 127 N. W. 190, 20 Ann. Cas. 828, but that is not in point, for there the owner did not appear; she merely filed her protest against the laying of the road, on the ground that the board was without jurisdiction. Here appellant was represented at the hearing by an able attorney, and it must be assumed that he voluntarily waived the notice—a known right to him—when he went into the merits of the road and its effect upon the land. It cannot be assumed that appellant's attorney was ignorant of appellant's right and did not voluntarily go into the merits of the petition.

Subd. 8 of § 2583 provides:

"The determination of a town board refusing to establish, alter or vacate any road shall be final, unless appealed from, for one

year from the filing of its order; and no petition for establishing, altering or vacating such road shall be acted upon within the time aforesaid."

A petition was presented to the town board on May 16, 1935, for laying out a road over practically the same part of appellant's property as in this petition, but toward its easterly terminus the description was erroneous and impossible. The hearing thereon was set for May 29, 1935, but before that date the board discovered that the signers were not sufficient in number and returned the petition to the petitioners for additional signatures. The board did not meet on May 29. When the additional signatures were obtained the petition was again filed on May 27, 1935, a hearing ordered for June 7, 1935, and notices duly served and posted. On June 7 the board continued the hearing to June 18, 1935, for the same place and hour already set for the hearing of the instant petition. When the board met on June 18, 1935, the instant petition was first taken up, heard, considered, and granted. And thereafter the other was denied. Since the first petition was not considered when set for hearing on May 29, but ignored by the board, it is claimed that this amounted to a denial. We think this is too technical. The board returned the petition without action so that the petitioners might procure sufficient signatures to give the board power to act. It may be assumed that, after the petition was returned to the board and notice served for hearing on June 7, the board discovered the error in the description of the first petition, when on June 6 the last petition was filed, and thereupon concluded to have the hearing of the two at the same time. Laying aside all else, it would seem that, where a town board has set the hearing of the two petitions for a road at the same place and hour, it may select which of the two it will entertain, hear, and decide first, there being no statute to the contrary. So no further consideration need be given the so-called first and second petitions. There was no action thereon until after the one before us was granted. However, appellant claims that the first petition, filed May 16, was denied, through inaction in virtue of this provision in subd. 6 of § 2583: "In case

said board does not file such order within 20 days, it shall be deemed to have rejected the application." The finding is well supported that a petition for a road, identical with the petition granted, insofar as its course over appellant's farm, was presented to the board May 16, 1935, and that notice of hearings thereon for May 29 was served and posted; but sometime prior to May 27 it was returned to the petitioners because the board deemed there were not enough proper signatures. Additional signatures were procured and the petition filed with the board on May 27, 1935, whereupon the board caused notice to be served and posted of a hearing thereon June 7, 1935. On June 7, as already stated, the hearing was by the board continued until June 18, at the same place and hour as the hearing of the last petition filed June 6, 1935. It is clear that the petition filed May 16 is the same petition filed May 27 and denied June 18, 1935, directly after the one filed June 6 was granted. There were really no more than two petitions, and the board filed its order granting the one last filed before it denied the one filed first so the provision quoted above from subd. 6 of § 2583 could not be applied. The board and the petitioners concluded or assumed that more signatures were needed on the petition presented on May 16, in order to give the board the power to act, and so it was returned to the petitioners to procure the needed signatures. All took it for granted that no hearing could be had on the 29th of May, two days after the petition was returned with additional signers. There is no evidence that any interested person appeared on May 29. The board did not meet. All took for granted that a new start must be made. And so when the petition was again presented with the additional signers a hearing was ordered. The power of the board to adjourn from the 7th to the 18th of June cannot be questioned. Baldwin v. Township of Rosendale, 110 Minn. 87, 124 N. W. 641. Neither the findings nor the evidence warrants the claim that there was by inaction a denial of a previous petition within a year prior to the presentation of the petition granted. Therefore State ex rel. Thompson v. Eggen, 206 Wis. 651, 238 N. W. 404, 240 N. W. 839, has no application.

The claim that the town board was without power to act under § 2583 because it had been designated a county aid road is readily disposed of by the absence of proof that it had been so designated under the provisions of § 2560.

The order is affirmed.

PETERSON, JUSTICE (dissenting).

Jurisdiction had not been acquired as to the appellant at the time the town board met. 1 Mason Minn. St. 1927, § 2583; Thompson v. Town of Berlin, 87 Minn. 7, 91 N. W. 25. Although jurisdiction had not been acquired over appellant by service of notice, it is said that he waived such service. The statute, requiring service, is intended to be obeyed or else it would never have been enacted, and therefore it comes to the respondents as public officers, who act under it, as a command to comply with its terms. 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 8954, note 91; Kipp v. Dawson, 31 Minn. 373, 381, 17 N. W. 961, 18 N. W. 96. Appellant's special appearance was a challenge to jurisdiction. It directed the attention of respondents to the fact that they had proceeded, and were proceeding, illegally. It was then incumbent upon them to obey the commands of the statute. Further proceedings necessarily would be illegal unless they were by the consent of the appellant clearly given.

The court below held, and this court adopts the ruling, that if appellant intended to stand on the special appearance he should not have participated in the hearing on the merits. This is equivalent to saying that if a special appearance is made and is not heeded and proceedings are then had upon the merits, that a citizen must then withdraw if he is to save his rights under the special appearance. The rule is that a party who has appeared specially and objected to the jurisdiction does not waive the objection by answering to the merits and proceeding to trial after his objection has been overruled. 1 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 482. The reason for this rule is well stated in 2 R. C. L. p. 339, § 20, as follows:

"According to the prevailing rule illegality in a proceeding by which jurisdiction over the person of the defendant is to be obtained is in no case waived by the appearance of the defendant for the purpose of calling the attention of the court to such irregularity. Nor is the objection waived when, being urged, it is overruled, and the defendant is thereby compelled to answer. He is not considered as abandoning his objection because he does not submit to further proceedings without contest. It is only where he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived. The reason for this view is that a defendant has a perfect right to remain out of court until regularly and legally brought in. Then if an attempt is made to bring him in irregularly, he has a perfect right to object, on the ground of irregularity, in proper time and manner. To force him to waive it, by saying that if he does not do so he can make no defense on the merits, is a palpable denial of a legal right. He must then determine whether he will risk his whole case on the question of insufficiency of the writ or return, as the case may be, however full and complete he might be able to make his defense on the merits, or waive the defect and submit himself to a jurisdiction not lawfully obtained. This he would be forced to do in order to prevent being forever deprived of his defense in case his objection to the writ or return should prove to be not tenable."

The effect of the majority opinion is that the rules of procedure applicable to cases in court do not apply to road proceedings. The authorities are to the contrary. 1 Elliott, Roads & Streets (4 ed.) § 361, note 62. It is true that a town board does not proceed in the same manner as a court, but when its jurisdiction is challenged it is required to answer that challenge in the same manner required of a court. In this case the finding of the court below, which is approved by this court, is that appellant did make a special appearance. As to that there is no dispute. The court omitted to find that the appellant thereafter participated in the proceedings upon his own motion. The evidence is not in dispute that, after the special appearance had been entered and the objec-

tions to the jurisdiction had been made, the appellant and his attorney were about to withdraw from the meeting. Thereupon the chairman of the town board asked the appellant's attorney: "Well, have you any further objections?" Then the appellant's attorney went across the street to his automobile and got the map and presented it to the town board, with the explanations referred to. By proceeding with the meeting, and through its chairman asking appellant if he had any further objections, the respondent did not acquire jurisdiction over the appellant, nor did it thereby nullify his special appearance. In Finsilver, Still & Moss, Inc. v. Goldberg, Maas & Co. Inc. 253 N. Y. 382, 171 N. E. 579, 582, 69 A. L. R. 809, an objection was made to the jurisdiction of a board of arbitrators to proceed with a hearing, but the board proceeded with the hearing and the appellant participated therein. In holding that the participation in the proceeding after the special appearance did not amount to a waiver of jurisdiction, Cardozo, C. J., speaking for the court, said [253 N. Y. 391]:

"We assume that circumstances may exist in which a party to an arbitration, joining in its proceedings without protest or disclaimer, may be found to have joined by implication in the appointment of the arbitrators, and to have confirmed their jurisdiction, if otherwise defective. The limits of this implication and its effect may be postponed for definition until the event creates the need. On the other hand, the rule is well established and of general validity that where there is seasonable protest or disclaimer in response to a claim of jurisdiction, the protest or disclaimer is not nullified by proceeding thereafter to a hearing on the merits." Citing Harkness v. Hyde, 98 U. S. 476, 479, 25 L. ed. 237, 238; Southern P. Co. v. Denton, 146 U. S. 202, 209, 13 S. Ct. 44, 36 L. ed. 942, 945; Hassler, Inc. v. Shaw, 271 U. S. 195, 46 S. Ct. 479, 70 L. ed. 900; Jones v. Jones, 108 N. Y. 415, 425, 15 N. E. 707, 2 A. S. R. 447.

It seems that that rule should apply to the case at bar. In May v. Grawert, 86 Minn. 210, 213, 90 N. W. 383, 384, this rule was applied and the court quoted from § 677, p. 631, of Elliott, Appellate Procedure:

" 'Having done all in his power at the proper time, to present his objection, subsequently contesting the case is in no just sense a waiver. A party cannot be held to relinquish a right which he asserts as the law requires, nor is he bound to constantly repeat his objections. It would be unjust to hold that he must surrender his right, * * * or yield a right he has done his best to preserve and assert.' The authorities on this are abundant, and need not be further cited."

The cases cited in the majority opinion sustain the views here stated. It seems that McCauley v. Town of McCauleyville, 111 Minn. 423, 127 N. W. 190, 20 Ann. Cas. 828, is squarely in point and that the court has not successfully distinguished this case in the majority opinion. It is stated that that case is not in point "for there the owner did not appear, she merely filed her protest against the laying of the road, on the ground that the board was without jurisdiction." The opinion shows that she did more than that. After stating that she filed a written protest, it is said [111 Minn. 424]: "The protest also stated that the road was neither necessary nor of public utility sufficient to warrant the expense attending its establishment." This followed the objections to the jurisdiction. It is precisely the situation which we have in the case at bar. In Board of Co. Commrs. of Stearns County v. Smith, 25 Minn. 131, the court held that an objection to the jurisdiction was well taken in an answer in which the objection to the jurisdiction was set forth with a statement: "If such objection to the jurisdiction be overruled," that the defendant answered upon the merits, setting forth an answer in that respect. The court held that the answer was interposed only upon condition that the objection to the jurisdiction was overruled. So it was in the McCauley case, and so were the objections on the merits in the instant case.

It seems to me that this matter has an importance that transcends the parties concerned and the case at bar. A citizen should be protected in his rights. Officials should be compelled to obey. the mandates of the law. True, if a citizen waives provisions intended

for his protection, jurisdiction is conferred. But the court should not tempt officials to override and nullify the objections of the citizen by ignoring them and thus denying citizens the protection of the law and conferring upon themselves, by their own illegal conduct, a jurisdiction which they do not have. If it can be done in the instant case it can be done in all cases. It seems that there is even greater reason to throw protection of jurisdictional pre-requisites around the citizen in proceedings before boards and administrative tribunals than there is in the courts of law. In the latter, a complete record of the proceedings is had, and the citizen ordinarily appears represented by an attorney, whereas he often appears without an attorney before other tribunals. I am satisfied that the proceedings before the town board were illegal and that the order below is erroneous and should be reversed.

STONE and LORING, JUSTICES (dissenting).

We are in accord with the views expressed by Mr. Justice Peterson.

