David **SCHLEUSNER**, Appellant,

v.

**MURRAY COUNTY, et al.,**
**Respondents.**

No. C1–87–1200.

Court of Appeals of Minnesota.

Dec. 15, 1987.

Review Denied Jan. 28, 1988.

Karl L. Cambronne, Chestnut & Brooks, P.A., Minneapolis, for appellant.

Robert M. Frisbee, Frisbee & Holahan, Ltd., Minneapolis, for respondents.

Heard, considered and decided by HUSPENI, P.J., and SEDGWICK and LOMMEN,* JJ.

## OPINION

HUSPENI, Judge.

David Schleusner appeals from the trial court order affirming the weed eradication assessment against the land he rented. Appellant contends that the order was erroneous because Lake Sarah Township did not give him the notice prior to spraying required by Minn.Stat. § 18.271 (1984). We reverse.

### FACTS

In 1981, appellant, jointly with Ralph Novotny, purchased farmland in Lake Sarah Township, Murray County. The land was held in the names of Novotny and appellant's wife. The two men lived with their families in Hector, approximately 100 miles from the land. They farmed the land as "partners" between 1982 and early 1985. In February 1985, appellant's wife transferred her interest to Novotny by quit claim deed, recorded in May of 1986.

During the 1985 crop year, appellant rented the land from Novotny. There was no written agreement between them at any time during the life of their business relationship. Appellant conceded, however, that he was responsible for keeping the land free from noxious weeds.

A homestead situated on the land was occupied for part of the year by appellant's son or by a farm worker. However, when the township inspected and sprayed the land, the house was apparently unoccupied.

Appellant grew corn, beans and tame sunflowers on the land. He did some of the farm work himself and hired farm hands to do the remainder. In July 1985, appellant testified that he sprayed the land with weed killers on two different occasions. He maintained that any noxious weeds were destroyed.

On August 6, 1985, the township's weed inspectors conducted an inspection of appellant's fields. Wild sunflowers, cockleburs and sow thistles were discovered growing among appellant's crops. The inspectors decided to give notice pursuant to Minn. Stat. § 18.241, subd. 1 (1984) to alert the owners to the infestation and the need to control the noxious weeds.

The weed inspectors determined from the tax roll that "Novotny et al" were the owners of the land. Notice of the infestation was subsequently delivered to Novotny by certified mail. Novotny received the notice but did not contact appellant.

Orville Muck, a township board member and acting weed inspector, revisited the land on August 15, 1985, and found it remained untreated. The weed inspectors determined that eradication was necessary. Prior to eradication of noxious weeds by the township, the inspectors are required to serve notice upon the owner and occupant pursuant to Minn.Stat. § 18.271, subd. 2. On August 16, 1985, a second notice was sent to Novotny as owner of the infested land. Once again, Novotny made no contact with appellant after receiving the notice.

The county agricultural inspector testified that appellant "was listed in one of the plat books as one of the owners" and that

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

each year he registered the land and crops in the Murray County ASC office. The inspector admitted that although she knew appellant was involved in farming the land in question, he was never notified of the noxious weed infestation on the land he rented. The county neither placed a public notice on the land nor mailed a notice to the house thereon.

The weed inspectors returned to the land on August 19, 1985. They found vigorous growth of noxious weeds among the soybean crop. Seven days later, an inspection by the county agricultural inspector revealed that the land had not been treated. An attempt was made to contact appellant by telephone. However, appellant was out of the state during August and September 1985, and he could not be found. The county agricultural inspector was also unable to contact either Novotny or appellant's wife.

On August 27, 1985, the weed inspectors decided to eradicate the weeds by aerial spraying. The land was sprayed by helicopter on September 4, 1985. A bill for $4,119 was sent to Novotny, whereupon he contacted appellant, informed him the land had been sprayed by the township, and that appellant was liable for the fee. The $4,119 was later assessed as property tax against the land.

Appellant brought an action in district court to have the assessment declared invalid because he was not notified as required by Minn.Stat. § 18.271. The trial court concluded that appellant was not an "occupant" under Minn.Stat. §§ 18.191 and 18.271 because of his absence from the land. It concluded that the township had no duty to notify appellant before spraying the fields.

### ISSUE

Did the trial court err as a matter of law when it determined that appellant was not an occupant of land within the meaning of Minn.Stat. §§ 18.191 and 18.271 (1984)?

### ANALYSIS

Appellant contends that he was an occupant of the land in question and that as such he should have been given notice before the land was sprayed. He argues that because Lake Sarah Township failed to comply with the statutory notice requirements, it did not have jurisdiction to eradicate the noxious weeds, and the weed eradication assessment is invalid. We agree.

The purpose of the noxious weed legislation is to prevent the spread of "plants which are deemed by the commissioner to be injurious to public health, public roads, crops, livestock and other property." Minn.Stat. § 18.171, subd. 5 (1984). Section 18.191 provides that:

it shall be the duty of every occupant of land * * * to cut down, otherwise destroy, or eradicate all noxious weeds * * * standing, being, or growing upon such land, in such manner and at such times as may be directed or ordered by * * * the county agricultural inspector, or by a local weed inspector having jurisdiction.

*Id.*

■ When the local weed inspectors discover the presence of noxious weeds on land and determine that prompt action is necessary, they should serve individual notices in writing upon the owner *and* the occupant, if other than the owner, giving:

specific instructions and methods when and how certain named weeds are to be controlled or eradicated. Such methods of control may include definite systems of tillage, cropping, management and use of livestock.

Minn.Stat. § 18.271, subd. 2. The section mandates that notice be served in the same manner as a summons in a civil action in the district court or by certified mail. *Id.*

If the occupant does not eradicate the noxious weeds on his land as required by the eradication notice:

the local weed inspector having jurisdiction, * * * shall cause the same to be * * * eradicated at the expense of the county in which the land affected is situated, and claim for such expense * * * is hereby made a legal charge against the county in which the lands are located. * * * The amount of such expenses is a

lien in favor of the county against the land involved and shall be certified to by the county auditor, * * * and shall be collected as other real estate taxes are collected.

Minn.Stat. § 18.271, subd. 3.

Chapter 18 does not define the term "occupant." The trial court determined that because appellant did not live on the land and was out of state at the relevant time, he was not the occupant of the land in Lake Sarah Township and, therefore, did not have to be served with a section 18.271 notice. The trial court's determination is contrary to the ruling in *McCauley v. Town of McCauleyville*, 111 Minn. 423, 127 N.W. 190 (1910).

In *McCauley*, the landowner lived in a town near to her land and was temporarily in Oregon when the town board of supervisors held a hearing and made a decision to lay a road across her farm land. The relevant statute required that notice of the hearing must be personally served upon the occupant of the land. The notice was served upon Ms. McCauley's farm hand while she received a copy by mail. She filed a protest against the laying of the road on the basis that she had not been personally served. The town board maintained that because Ms. McCauley did not live on the land and was out of the state, she was not an "occupant" for the purposes of the statute. They argued, therefore, that personal service upon Ms. McCauley was unnecessary. The trial court did not agree and the supreme court affirmed, holding:

> The word "occupant" as ordinarily used in statutes, means *one in actual possession of land,* as distinguished from constructive possession thereof; that is, *one who holds possession and exercises dominion over it.*
>
> \* \* \* \* \* \*
>
> It is settled law of this state that actual residence on land is not necessary to constitute actual * * * possession.

*Id.* at 425–26, 127 N.W. at 191 (emphasis added).

"Actual possession" and "actual occupancy" have practically the same meaning.

*Cutting v. Patterson*, 82 Minn. 375, 380, 85 N.W. 172, 173 (1901). "Actual occupancy" is defined as open, visible occupancy. "Actual possession" means possession in fact, effected by actual entry upon the premises and actual occupancy. *Id.* The *Wallace* court determined that "ordinary use and the taking of the ordinary profits of the land" is sufficient for the "actual possession" of land. *Wallace v. Sache*, 106 Minn. 123, 124–25, 118 N.W. 360, 361 (1908). *See also Pipkorn v. Dunn*, 408 N.W.2d 705, 708 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Sept. 30, 1987).

■ Although appellant did not live upon the land and was out of state at the date of service, we must disagree with the trial court that he was not an occupant for the purposes of the noxious weed statute. The *McCauley* court found that the presence of crops was evidence of occupancy:

> It is clear from the evidence in this case that the respondent was in the actual possession and control of her land. She had a barn thereon, the land was fenced, and it was a cultivated farm, part of which was seeded to timothy, and the balance to flax.

*McCauley*, 111 Minn. at 426, 127 N.W. at 191. *See also Wallace*, 106 Minn. at 124, 118 N.W. at 360–361; *Pipkorn v. Dunn*, 408 N.W.2d at 708. The county agricultural inspector testified that a crop of soybeans was visible in the fields at the time the weed inspection was conducted. The trial court also made a finding to this effect. In addition, the trial court found that appellant was responsible for weed eradication and that he had treated the land on two occasions. Consequently, we must find as a matter of law that appellant was the occupant of the land he rented from Novotny.

■ The service of the first notice on Novotny but not upon appellant appears to be proper. Minn.Stat. § 18.241, subd. 1. However, the notice of August 16, 1985, was a section 18.271 notice, and as such it should have been served upon both the owner and the occupant.

Section 18.271, subd. 2 states that the purpose of notice under the section is to give the owner "specific instructions and methods when and how certain named weeds are to be controlled or eradicated." The legislature clearly intended that the occupant be given time to cure the problem with his land.

However, no attempt was made to serve the section 18.271 notice upon appellant. He was, therefore, deprived of his right to eradicate the noxious weeds before the township's order to spray. Accordingly, we hold that without proper notice to appellant, the weed inspectors had no jurisdiction to order eradication. The resulting weed eradication assessment, therefore, is invalid.

### DECISION

The trial court erred in determining appellant was not the "occupant" of the land for purposes of notice under section 18.271 of the noxious weed statute. Without serving the statutorily required notice upon both the owner and the occupant of the land, the township did not have jurisdiction to eradicate the weeds in appellant's fields. The weed eradication assessment against the land was invalid.

Reversed.